**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Herbert S. ADAIR, Jr.,**
**Defendant-Appellant.**

**No. 81–1197.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 3, 1982.

Decided July 20, 1982.

Steven V. Wilson, Beverly Hills, Cal., for defendant-appellant.

Robert J. Perry, Chief Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before FLETCHER, PREGERSON, and REINHARDT, Circuit Judges.

PREGERSON, Circuit Judge:

The district court, after revoking a five-year probationary sentence imposed on Count Eighteen of the Indictment, sentenced Herbert S. Adair, Jr., to serve three years in prison and pay a $5,000 fine. In appealing the judgment revoking probation and imposing sentence, Adair contends that his five-year probationary sentence had expired before the government filed its petition to revoke probation and before the district court issued the arrest warrant. Adair bases his contention on the premise that his probationary term had run concurrently with the other concurrent sentences of imprisonment imposed on Counts One, Six, and Nine.[1] We agree and, therefore, reverse the district court because under 18 U.S.C. § 3653 (1976)[2] it lacked power to revoke Adair's probation.

On January 20, 1976, after Adair had pleaded guilty to four counts of the Indictment, the district court imposed concurrent sentences of three years imprisonment and fines of $5,000 on each of Counts One, Six, and Nine. On Count Eighteen, the district court suspended imposition of sentence and placed Adair on five years probation. The court did not specify whether the probationary term was to run concurrently with or consecutively to the three-year terms of imprisonment imposed and expressly ordered to run concurrently, on Counts One, Six, and Nine.

Adair was released from prison on February 26, 1978. Almost three years later, on February 10, 1981, the government filed a petition for revocation of his probation and the district court issued a bench warrant for Adair's arrest. The petition alleged that Adair had violated the terms and conditions of the court's probationary order of January 20, 1976. Adair moved to dismiss the revocation of probation proceedings. He contended that the five-year probationary period had expired about three weeks before the petition for revocation was filed and thus that he could not be charged as a probation violator. On April 7, 1981 the court denied Adair's motion, revoked his probation, and sentenced him to serve three years in prison. In addition, the court ordered Adair to pay a $5,000 fine.

The narrow issue we are called upon to decide is whether Adair's five-year probationary term was to run concurrently with or consecutively to his three-year prison sentence. The January 20, 1976 sentencing order is silent on this subject. The order does not with fair certainty reveal when the court intended the probationary term to commence. See United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309 (1926). Where a sentencing order is silent on when the probationary term commences, there is a strong presumption that the term starts on the date sentence is imposed and runs concurrently with any period of imprisonment imposed on any remaining count or counts.[3] Adair's five-year probationary sentence, therefore, had expired by January 20, 1981, about three weeks before the filing of the probation revocation petition.

---

**1.** On motion of the government, the remaining counts were dismissed at the time of sentencing.

**2.** 18 U.S.C. § 3653 provides in part:

At any time within the probation period, the probation officer may for cause arrest the probationer wherever found, without a warrant. At any time within the probation period, or within the [five-year] maximum probation period permitted by section 3651 of this title, the court for the district in which the probationer is being supervised, or if he is no longer under supervision, the court for the district in which he was last under supervision, may issue a warrant for his arrest for violation of probation occurring during the probation period.

**3.** If a sentencing court does not intend this result, then the probationary sentence should state explicitly and precisely when probation is to commence. For example, a probationary sentence could specify that the period of probation shall be consecutive to the confinement portion of the sentence served on a remaining count or counts or that the period of probation shall be consecutive to the sentence imposed on a remaining count or counts including any parole or other supervision time.

This result is not novel. Fifty-seven years ago in *Puccinelli v. United States*, 5 F.2d 6, 7 (9th Cir. 1925), we held that:

> Where sentences are imposed on verdicts of guilty or pleas of guilty on several indictments, or on several counts of the same indictment, in the same court, each sentence begins to run at once and all run concurrently, in the absence of some definite, specific provision that the sentences shall run consecutively, specifying the order of sequence.

In *Martinez v. Nagle*, 53 F.2d 195, 197 (9th Cir. 1931), we again relied on the presumption of concurrency expressed in *Puccinelli*. Other circuits have applied the presumption in more recent decisions. *See, e.g., Schurmann v. United States*, 658 F.2d 389, 391 (5th Cir. 1981); *United States v. Wenger*, 457 F.2d 1082, 1083 (2d Cir.), *cert. denied*, 409 U.S. 843, 93 S.Ct. 44, 34 L.Ed.2d 83 (1972); *Borum v. United States*, 409 F.2d 433, 440 (D.C.Cir.1967), *cert. denied*, 395 U.S. 916, 89 S.Ct. 1765, 23 L.Ed.2d 230 (1969); *Gaddis v. United States*, 280 F.2d 334, 336 (6th Cir. 1960).

Adair's incarceration is not an impediment to applying the presumption of concurrency. We have previously recognized that a defendant may be on probation while incarcerated. *Green v. United States*, 298 F.2d 230, 232 (9th Cir. 1961); *See Burns v. United States*, 287 U.S. 216, 223, 53 S.Ct. 154, 156–57, 77 L.Ed. 266 (1932).

Since the sentencing order is silent on when the probationary term commences, the strong presumption of concurrency applies. Adair's probationary term, which commenced on January 20, 1976, therefore expired on January 20, 1981. The district court lacked power to revoke Adair's probation because it did not issue an arrest warrant or summons or take any similar action within the five-year maximum term provided by statute. *See* 18 U.S.C. § 3653; *United States v. Strada*, 503 F.2d 1081, 1084 (8th Cir. 1974). Adair's motion to dismiss the probation revocation proceedings should have been granted.

REVERSED and REMANDED.