**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John Law FREEMAN,
Defendant–Appellant.**

No. 90–30141.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 1990.

Decided Jan. 4, 1991.

Stephen R. Sady, Chief Deputy Public Defender, Portland, Or., for defendant-appellant.

Charles W. Stuckey, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before WRIGHT, CHOY and THOMPSON, Circuit Judges.

---

CHOY, Circuit Judge:

John L. Freeman appeals from a court order revoking his probation and sentencing him to one year in prison. Freeman alleges (1) that the order was invalid under 18 U.S.C. § 3651[1] because it was issued five years and seven months after the commencement of his probation. Freeman also claims (2) that, under 18 U.S.C. § 3568,[2] he is entitled to credit for "probation" served, pending trial and appeal, under the supervision of pretrial services. Because neither of Freeman's contentions has merit, we AFFIRM the lower court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 18, 1983, a jury unanimously convicted Freeman on 14 counts of aiding and abetting the filing of false federal income tax returns. It was Freeman's practice to travel throughout Oregon conducting tax seminars at which he would show the audience how to falsely declare their taxable wages as nontaxable receipts. In return for this service, he would charge each person $100.00. For an additional $200.00, he would promise to represent them if the Internal Revenue Service should challenge their returns.

On April 4, 1983, the district court sentenced Freeman to three years in prison on counts 1–7, sentences to run concurrently. On counts 8–14, the district court suspended sentence and ordered five years of probation, sentences to run concurrently. The court expressly stated that probation was to commence upon the completion of Freeman's prison term.

On appeal, May 22, 1985, this court reversed Freeman's convictions on counts 1–11 and 14, but affirmed his convictions on counts 12–13. *United States v. Free-*

*man,* 761 F.2d 549, 552–53 (9th Cir.1985), *cert. denied,* 476 U.S. 1120, 106 S.Ct. 1982, 90 L.Ed.2d 664 (1986) (trial court erred when it instructed jury that no first amendment defense was available to Freeman). In so doing, this court invalidated the prison sentence to which the district court had anchored Freeman's five-year probation term. On February 27, 1986, the mandate of this court was filed with the district court.

Throughout the pretrial period and also during his trial and appeal, Freeman remained free on bail in the amount of $0.00. During this time he was subject to minimal supervision by the office of pretrial probation. After June 26, 1984, he was even permitted to travel in California and Hawaii for business and pleasure, provided he refrained from helping others to evade their tax liabilities.

On June 13, 1988, Freeman was convicted for mail fraud in the Eastern District of Wisconsin. A petition for warrant and order to show cause was submitted on November 15, 1988 and issued by the district court on November 21, 1988. On April 2, 1990, the district court revoked Freeman's probation and sentenced him to one year in prison.

## STANDARD OF REVIEW

We review *de novo*, as a question of law, a district court's assumption of jurisdiction to revoke probation under 18 U.S.C. § 3653 (repealed Nov. 1, 1987). *United States v. Daly*, 839 F.2d 598, 599–600 (9th Cir.1988).

## ANALYSIS

### I.

### COMMENCEMENT OF PROBATION

■ Under section 3653, Title 18, of the United States Code, a district court may

1. "The court may revoke or modify any condition of probation, or may change the period of probation. The period of probation, together with any extension thereof, shall not exceed five years." 18 U.S.C. § 3651 (repealed Nov. 1, 1987, but still applicable to offenses committed before Nov. 1, 1987).

2. "The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." 18 U.S.C. § 3568 (repealed Nov. 1, 1987, but still applicable to offenses committed before Nov. 1, 1987).

not revoke a probationary sentence once it has expired.[3] *United States v. Adair*, 681 F.2d 1150, 1151 (9th Cir.1982). Thus, the key question before this court is: When did Freeman's term of probation begin?

Freeman argues that his term of probation began either on April 4, 1983, at the time of his sentencing, or on December 16, 1982, when he first reported to pretrial services. Freeman contends that because his prison sentence was invalidated on appeal, the consecutive term of probation anchored to it commenced retroactively, at the time of sentencing, as a matter of law. In the alternative, he maintains that he should be granted credit for time served under the supervision of pretrial services. If this court grants such credit, he reasons, it must also concede that his probation period actually began when he first reported to pretrial services on December 16, 1982.

The Government, on the other hand, argues that when a convict's anchor term is overturned on appeal, his consecutive probation term begins only at the conclusion of the appeal process. Under this theory, the district court properly fixed February 27, 1986, the filing date of this court's mandate, as the starting point of Freeman's probation.

We hold that if a district court sentences a convicted criminal to consecutive terms of imprisonment and probation, and if the sentencing court expressly provides that probation is to commence upon the completion of the prison term, and if the anchor term of imprisonment is subsequently overturned on appeal, then probation commences, as a matter of law, when the ap-

pellate court's mandate is filed with the district court.

A. *Express intent of sentencing court determines commencement of probation.*

As 18 U.S.C. § 3564(a) (1988) provides: "[a] term of probation commences on the day that the sentence of probation is imposed, *unless otherwise ordered by the court.*" (emphasis added). Since taking effect on November 1, 1987, this statute has permitted each trial court, at its discretion, to determine when a sentence begins to run.

Although section 3564(a) appears to apply only in cases where the underlying offense was committed after November 1, 1987,[4] it nevertheless codifies longstanding federal case law. The rule codified in section 3564(a) has been applied to offenses committed prior to 1987. For example, in *United States v. Levitt*, 799 F.2d 505, 507 (9th Cir.1986), this court reviewed a 1977 criminal sentencing order and held that the intent of the court imposing the sentence determined when that sentence was to commence. Similarly, in *Sanford v. King*, 136 F.2d 106, 108 (5th Cir.1943), cited as persuasive authority by the *Levitt* court, the Fifth Circuit held that the commencement of probation was determined by the intent of the sentencing court.

In the case at bar, the district court clearly and unambiguously expressed its intent that probation was to begin not at sentencing, but rather, upon the completion of Freeman's prison term. The district court explicitly stated in its sentencing order of April 4, 1983 that: "The probation ordered in counts 8 through 14 shall com-

---

**3.** "At any time within the probation period, the probation officer may for cause arrest the probationer wherever found, without a warrant.... As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." 18 U.S.C. § 3653 (repealed Nov. 1, 1987, but still applicable to offenses committed before Nov. 1, 1987).

**4.** The Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, Title II, c. II, § 212(a)(1)–(2), 98 Stat. 1987, was approved by Congress on Oct. 12, 1984. It repealed old chapters 227 and 231, including 18 U.S.C. §§ 3568 & 3651, and replaced them with new chapters 227, 229, and 232. The new chapters took effect on November 1, 1987 in accordance with the amendments to section 235(a)(1) of Pub.L. No. 98–473. 18 U.S.C.A. §§ 3551, 3651 & 3653 (West 1985 & Supp.1990).

mence upon the completion of the sentences imposed in counts 1 through 7." We hold that until the anchor prison term was invalidated on appeal, it remained in effect.

### B. *Probation begins at sentencing only if district court fails to specify another time.*

██ Freeman implies that under *Adair*, 681 F.2d at 1151 & n. 3, and *Gaddis v. United States*, 280 F.2d 334, 336 (6th Cir. 1960) (per curiam), he is entitled to a strong legal presumption that his sentence commenced when issued. However, this presumption arises only if a court fails to specify a commencement time for probation. *Adair*, 681 F.2d at 1151 & n. 3; *Gaddis*, 280 F.2d at 336 (*"In the absence of express language in the pronouncement of sentence* fixing the date of commencement of probation, it is deemed to commence when the Judge imposes the sentence."* (emphasis added)).

In *Adair*, this court held that probation began at sentencing and ran concurrently with incarceration, but only because the sentencing order was silent as to the start of probation. *Adair*, 681 F.2d at 1151. Thus, the trial court in *Adair* failed to express its intent in the explicit and precise terms demanded by the Ninth Circuit. *Id.* at 1151 n. 3 ("If a sentencing court does not intend [for probation to commence at sentencing], then the probationary sentence should state explicitly and precisely when probation is to commence."). Where, as here, the trial court unequivocally ordered incarceration, followed consecutively by probation, Freeman is entitled to no presumption under *Adair* or *Gaddis*.

Freeman cites *Poland v. Arizona*, 476 U.S. 147, 152, 106 S.Ct. 1749, 1753, 90 L.Ed.2d 123 (1986) and *North Carolina v. Pearce*, 395 U.S. 711, 721, 89 S.Ct. 2072, 2078, 23 L.Ed.2d 656 (1969) for the proposition that his original conviction has been nullified and "the slate wiped clean." This is true, but irrelevant to the issue before this court. Freeman applies the "clean slate" metaphor out of context. The Supreme Court merely used this metaphor for

a limited purpose—to emphasize that when a criminal conviction is overturned on appeal, any remaining sentence is summarily erased and need not be served. The Court did not mention how, if at all, reversal of one count might affect sentencing on another count.

### C. *Probation began on Feb. 27, 1986, in accordance with intent of sentencing court.*

In *United States v. Tanner*, 471 F.2d 128 (7th Cir.), *cert. denied*, 409 U.S. 949, 93 S.Ct. 269, 34 L.Ed.2d 220 (1972), the Seventh Circuit faced a fact situation similar to the one at bar. In *Tanner*, two defendants' prison sentences were overturned on appeal. This presented a problem because the starting date of their probation depended upon completion of their prison terms. The court ordered the district court to resentence the two defendants for the purpose of clarification. *Id.* at 143 & n. 22. Thus, the court of appeals chose to permit the trial court to clarify its intent in light of developments on appeal.

In the case at bar, the sentencing court has already made its intent clear. At Freeman's probation revocation hearing on April 2, 1990, the district court found that probation had commenced on February 27, 1986. According to the district court, which had originally sentenced the defendant to incarceration and probation, Freeman actually began serving his probation on February 27, 1986, when the court of appeals filed its mandate in the district court. Note that the district court's ruling was consistent with *Tanner*. The district court clarified its intent after this court declared Freeman's prison sentence invalid.

### II.

### NO CREDIT FOR PRETRIAL PROBATION UNDER 18 U.S.C. § 3568

██ Freeman cites *Brown v. Rison*, 895 F.2d 533, 536 (9th Cir.1990), in support of his argument that he should be given credit for "probation" served during pretrial release and during release pending appeal.

Freeman's argument is wholly lacking in merit because it has no basis in law or in fact. First, the holding in *Brown v. Rison* was based on an interpretation of 18 U.S.C. § 3568 and grants credit for time served in pretrial *custody* at a drug treatment center. This circuit has yet to grant credit for time served on pretrial *probation. Brown v. Rison* did not address the question of whether defendants on probation qualify for credit under section 3568.[5]

Second, there is no firm statutory basis for Freeman's claims. The relevant sections of the United States Code are bereft of any mention of credit for time served on probation. Congress simply has not granted credit for pretrial probation or release on bond pending appeal. Third, federal case law overwhelmingly rejects the notion of credit for release on bond pending trial or appeal. *Mieles v. United States*, 895 F.2d 887, 888 (2d Cir.1990); *United States v. Figueroa*, 828 F.2d 70, 71 (1st Cir.1987) (per curiam); *Villaume v. United States Dept. of Justice*, 804 F.2d 498, 499 (8th Cir.1986) (per curiam), *cert. denied*, 481 U.S. 1022, 107 S.Ct. 1908, 95 L.Ed.2d 514 (1987); *Ortega v. United States*, 510 F.2d 412, 413 (10th Cir.1975) (per curiam); *United States v. Peterson*, 165 U.S.App.D.C. 368, 507 F.2d 1191, 1192–93 (1974) (per curiam) (" 'in custody,' as used in [18 U.S.C. § 3568], means detention or imprisonment in a place of confinement and does not refer to the stipulations imposed when a defendant is at large on conditional release.").

This circuit has held that a defendant released on bond pending appeal is not entitled to credit for time served in "custody" within the meaning of 18 U.S.C. § 3568. *United States v. Robles*, 563 F.2d 1308 (9th Cir.1977) (per curiam), *cert. denied*, 435 U.S. 925, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1978). This court rejected defendant Robles's argument, although he was required, as conditions of his release, "to obey all laws, remain within the jurisdiction unless court permission was grant-

ed to travel, obey all court orders, and keep his attorney posted as to his address and employment." *Id.* at 1309.

Moreover, the Fifth Circuit has long rejected the notion of credit for time spent on probation. *Smith*, 869 F.2d at 837. It denied defendant Smith's claim, although he spent 127 days on probation "conditioned upon twice weekly urine testing, alcohol and drug abuse meetings, and travel restrictions." *Id.* In addition, the court refused to grant credit under section 3568 for the 152 days which Smith spent released on pretrial bond, during which time he was required to submit to "daily urine testing and remain in his residence between 7:30 p.m. and 6:00 a.m." *Id.*

Fourth, Freeman has failed to present any evidence that he was, in fact, on "probation" prior to February 27, 1986. All relevant evidence in the Excerpt of Record contradicts Freeman's assertion. He remained free on bail of $0.00 throughout the pretrial, trial, and appeal periods, and was even permitted to travel in California and Hawaii on business and pleasure. He was subjected to standard conditions of release far less onerous than those imposed on the defendants in *Robles* and *Smith*.

Finally, Freeman has presented no evidence that his conditions of release were akin to those imposed in *Brown v. Rison*, wherein defendant Brown was forced to spend 306 days at a drug treatment center. *Brown v. Rison*, 895 F.2d at 536. In *Brown v. Rison*, this court was careful to observe that the restraints imposed on Brown's freedom *"cannot be compared to the usual restrictions imposed on a prisoner released on bail, which do not amount to 'custody.' " Id.* (citing *Ortega*, 510 F.2d at 413) (emphasis added). Indeed, unlike Freeman, "Brown was required to spend each evening and night, from 7 p.m. to 5 a.m., at the center, without outside contact. He was subject to all of the center's regulations. In addition, he had to

---

5. Two other circuits, after applying section 3568 to similar facts, have ruled *contra Brown v. Rison. Ramsey v. Brennan*, 878 F.2d 995, 996 (7th Cir.1989); *United States v. Smith*, 869 F.2d 835, 837 (5th Cir.1989). As of this writing, a petition for rehearing *Brown v. Rison* is pending in this circuit in connection with *Braun v. Scott*, No. 89–15726 (filed Sept. 12, 1990).

**1398**

maintain his employment, restrict his travel, and be subject to drug testing." *Id.*

### III.

### CONCLUSION

The district court issued its order on April 2, 1990, eleven months before Freeman's five-year term of probation was scheduled to expire on February 27, 1991. The evidence indicates that Freeman did not begin to serve his term of probation until February 27, 1986. The petition for warrant and order to show cause were submitted on November 15, 1988, thus initiating the probation revocation process some two years and four months before the expiration of Freeman's probation.

We AFFIRM the order of the district court revoking Freeman's probation and sentencing him to one year in prison.