944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James William GLANTZ, Defendant-Appellant.
 No. 90-30449.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 12, 1991.*
Decided Sept. 19, 1991.
 
 Before WRIGHT, FARRIS, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James William Glantz pled guilty to two counts of making false, fictitious, and fraudulent claims for income tax refunds, pursuant to 18 U.S.C. § 287 (1988). Glantz filed this appeal after imposition of sentence alleging that: (1) the district court erroneously computed his sentence; (2) failure to advise of the right to appeal the sentence was error; and (3) he was entitled to credit for "time served" on bond prior to incarceration.
 
 
 3
 We review the district court's application of the Sentencing Guidelines de novo. United States v. Aichele, No. 90-10364, slip op. 9755, 9746 (9th Cir. July 30, 1991). A district court's determination as to factual matters will not be reversed unless clearly erroneous. United States v. Gross, 897 F.2d 414, 416 (9th Cir.1990).
 
 
 4
 * We find that Glantz's sentence was properly calculated. Glantz did not object to the district court's application of the base level coinciding with Section 2F1.1. An issue will not ordinarily be considered for the first time on appeal. See United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990). Additionally, refusal of a sentencing court to depart downward is not subject to review on appeal, United States v. Morales, 898 F.2d 99, 101 (9th Cir.1990), thus the district court did not err in failing to adjust the base level downward pursuant to Section 2X1.1.
 
 
 5
 The district court properly concluded that the amount of "loss," pursuant to Section 2F1.1 n. 7, included attempted loss. Actual loss is not necessary. Intended loss will be considered if it is larger than actual loss. United States v. Wilson, 900 F.2d 1350, 1355 (9th Cir.1990). The base level enhancement of six points was, therefore, correct.
 
 
 6
 The district court determined that an upward adjustment of the base level for "more than minimal planning," pursuant to Section 1B1.1, was appropriate. When reviewing an attack on a finding of more than minimal planning, the district court's conclusion should only be disturbed if clearly erroneous. See United States v. Fox, 889 F.2d 357, 361 (1st Cir.1989), cert. denied, --- U.S. ----, 111 S.Ct. 759 (1991). The facts sufficiently support the base level enhancement for more than minimal planning, thus the sentence should not be disturbed.
 
 II
 
 7
 An error made by the district court is subject to the harmless error doctrine. See Coleman v. McCormick, 874 F.2d 1280, 1288-89 (9th Cir.1989) (en banc); Fed.R.Crim.P. 52(a). The right to an effective appeal is of constitutional magnitude, thus the government must prove beyond a reasonable doubt that the error was harmless. See Delaware v. Van Arsdall, 475 U.S. 673, 681 (1986). We conclude that the district court's failure to advise Glantz of his right to appeal the sentence, as required by Fed.R.Crim.P. 32(a)(2), was harmless error because Glantz had actual knowledge of the right and suffered no prejudice by timely filing an appeal. See United States v. Kearney, 750 F.2d 787, 790-91 (9th Cir.1984); United States v. Drummond, 903 F.2d 1171, 1174-75 (8th Cir.1990).
 
 III
 
 8
 Glantz was not entitled to credit for "time served" while on bond prior to incarceration. " 'In custody ... means detention or imprisonment in a place of confinement and does not refer to the stipulations imposed when a defendant is at large on conditional release.' " United States v. Freeman, 922 F.2d 1393, 1397 (9th Cir.1991) (citation omitted). It is settled that no credit is given for release on bond pending trial or appeal. Id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3