947 F.2d 949
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard R. HARRIS, Petitioner-Appellant,
v.
J.L. SIVLEY, Respondent-Appellee.
 No. 90-16839.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1991.*
Decided Oct. 28, 1991.
 
 Before SNEED, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard R. Harris, a federal prisoner, appeals pro se the denial of his 28 U.S.C. § 2241 habeas corpus petition. Harris contends that the district court erred by dismissing his first habeas petition with leave to refile after this court ruled on his direct appeal and, after the appeal, denying his second habeas petition. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), and affirm.
 
 
 3
 * Original Claims
 
 
 4
 In Harris's first habeas petition, filed while his direct appeal was pending, he claimed that (1) the District Court for the Central District of California did not have jurisdiction to remand him to custody after it had sentenced him and this court had denied his motion for bail pending appeal; (2) the government fraudulently obtained the custody order; (3) his attorney did not provide effective assistance of counsel in connection with the continuation of bail; and (4) he was denied equal protection when his attorney refused to file a second motion for bail pending appeal and this court denied his pro se motion with the advice that counsel must submit any future motions. After this court affirmed his conviction, Harris refiled these claims in a second habeas petition.
 
 
 5
 Because Harris's direct appeal was pending when he filed his first petition, the district court did not err by dismissing it with leave to refile. See Feldman v. Henman, 815 F.2d 1318, 1320-21 (9th Cir.1987) (a federal prisoner may not file a habeas petition while his direct appeal is pending). Because this court has decided the direct appeal, the above four claims, which concern the issue of bail pending appeal, are moot. See Powell v. McCormack, 395 U.S. 486, 496 (1969) ("[a] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome"). Accordingly, the district court did not err by dismissing these claims after Harris renewed them in his second habeas petition.
 
 II
 New Claims
 
 6
 Harris also made two new claims in his second habeas petition. First, he contends that he is entitled to credit for time spent on conditional release between March 3, 1988, when he was released on bail pending trial, and February 15, 1989, when the district court remanded him to custody following this court's denial of bail pending appeal. This contention lacks merit.
 
 
 7
 A federal prisoner receives credit toward his sentence for "any days spent in custody in connection with the offense or acts for which the sentence was imposed." 18 U.S.C. § 3568. A defendant released on bond under standard conditions is not in custody within the meaning of section 3568. United States v. Freeman, 922 F.2d 1393, 1396-98 (9th Cir.1991); cf. Brown v. Rison, 895 F.2d 533, 536 (9th Cir.1990) (a prisoner may receive credit for time spent in a community treatment center that required his presence from 7:00 p.m. to 5 a.m. each night).
 
 
 8
 Harris's conditions of release included telephone reporting to a probation officer twice a week and in-person reporting twice a month, passport surrender, and limits on travel. Nonetheless, he was permitted to live in his own home. Accordingly, the conditions of release imposed on Harris did not amount to custody. See Freeman, 922 F.2d at 1396-98.
 
 
 9
 Second, Harris appears to contend that his continued confinement in Arizona violates due process and equal protection because he cannot effectively prosecute a 28 U.S.C. § 2255 motion in the Central District of California. The district court construed this claim as a challenge to Harris's place of confinement and properly denied it because a prisoner has no due process liberty interest in a particular place of confinement. See Olim v. Wakinakona, 461 U.S. 238, 244-45 (1983). Furthermore, due process does not require the release of a prisoner for the purpose of collaterally attacking his sentence. See Land v. Deeds, 878 F.2d 318, 319 (9th Cir.1989) (per curiam) (release on bail pending district court's habeas decision is reserved for extraordinary cases involving special circumstances or a high probability of success). In addition, Harris has not shown that he is unable to have his trial transcripts mailed to him, nor is he required to appear personally to file a section 2255 motion.
 
 
 10
 Accordingly, the district court did not err by denying the new claims in Harris's second habeas petition.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3