**James Jeffrey GRADY, Petitioner–Appellant,**

v.

**Joseph CRABTREE, Warden, F.C.I. Sheridan, Respondent–Appellee.**

No. 91–35783.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 1992.*

Decided March 5, 1992.

James Jeffrey Grady, pro se.

Kenneth C. Bauman, Asst. U.S. Atty., Portland, Or., for respondent-appellee.

Before CANBY, NORRIS and LEAVY, Circuit Judges.

PER CURIAM:

James Jeffrey Grady, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. We review de novo, *Vermouth v. Corrothers*, 827 F.2d 599, 601 (9th Cir.1987), and we reverse and remand to the district court with instructions to issue the writ.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Grady pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a). On July 14, 1987, the district court sentenced Grady to the custody of the Attorney General for twelve years on Count One. The district court suspended the execution of this sentence and placed Grady on probation for five years. One of the special conditions of Grady's probation was that he enroll in and successfully complete a residential drug treatment program at Alpha House. On Count Two, the district court suspended the imposition of sentence and placed Grady on probation for five years, with the probation imposed on Count Two to run concurrently with the probation imposed on Count One.

On July 27, 1987, Grady was transferred from the county jail to Alpha House, and he remained there until October 22, 1987—a period of 88 days. On October 22, 1987, Grady was transferred back to the county jail based on allegations that he had violated the conditions of his probation. At a probation revocation hearing held on December 21, 1987, Grady admitted that he had violated the conditions of his probation. Therefore, the district court revoked Grady's probation and sentenced him to a ten-year term of imprisonment. The Bureau of Prisons credited Grady's sentence with the 153 days he spent in county jail, but did not credit his sentence with the 88 days he spent at Alpha House.

■ On September 18, 1990, Grady filed his section 2241 petition and sought credit against his sentence for the 88 days he spent at Alpha House. In his petition, Grady claimed that he was entitled to such credit under *Brown v. Rison*, 895 F.2d 533 (9th Cir.1990). The district court initially granted the petition. The government subsequently filed a motion for reconsideration in which it argued that under *United States v. Freeman*, 922 F.2d 1393 (9th Cir. 1991), Grady was not entitled to the 88–day credit against his sentence. The district court granted the government's motion for reconsideration and denied Grady's petition.

■ A federal prisoner is entitled to "credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." 18 U.S.C. § 3568.[1] A defendant who remains free on bail throughout the pretrial, trial, and appeal periods, subject only to standard conditions of release, is not in custody within the meaning of section 3568 and therefore is not entitled to credit toward his sentence for such periods. *Freeman*, 922 F.2d at 1397–98. In contrast, a defendant who is released on bond to a community treatment center, under conditions of confinement approaching those of incarceration, is considered to have been in custody and is entitled to credit toward his sentence under section 3568. *Brown*, 895 F.2d at 535–36.

Here, the district court erred by denying Grady's habeas petition. In its brief on appeal, the government concedes that the conditions to which Grady was subject at Alpha House "were so similar to the conditions set forth in *Brown v. Rison* so as to constitute custody." Moreover, it is undisputed that Grady spent 88 days at Alpha House in connection with the offense for which sentence was imposed. Accordingly, because Grady was in custody at Alpha House for 88 days in connection with the offense for which sentence was imposed, he is entitled to credit toward service of his sentence for those 88 days. *See* 18 U.S.C. § 3568; *Brown*, 895 F.2d at 536.[2]

1. Although 18 U.S.C. § 3568 has been repealed, it was in effect when Grady committed the offense. *See* 18 U.S.C. § 3551 (West 1985 & Supp.1991) (section 3568 repealed effective November 1, 1987) (citing Comprehensive Crime Control Act of 1984, Pub.L.No. 98–473, § 235 (as amended)).

2. The government's reliance on *Freeman* in support of its argument that Grady is not entitled to credit is misplaced. *Freeman* held that a defendant who is free on bail, subject only to minimal supervision, is not entitled to credit against his sentence under section 3568. 922 F.2d at 1397–98. Indeed, Freeman failed to present any evidence that his conditions of release were akin to those imposed in *Brown v. Rison*, or that he was actually on probation. *Freeman*, 922 F.2d at 1397 ("[h]e remained free on bail of $0.00 throughout the pretrial, trial, and appeal periods, and was even permitted to travel in California and Hawaii on business and pleasure"). In contrast, Grady was under 24–hour supervision by the staff of Alpha House and was subject to all of its regulations.

We reverse and remand to the district court with instructions to issue the writ.

REVERSED AND REMANDED.