995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leif D. SODERLING; Jay S. Soderling, Petitioners-Appellants,
v.
U.S. PAROLE COMMISSION, Respondent-Appellee.
 No. 92-35594.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 7, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leif and Jay Soderling, federal prisoners serving six-year terms of imprisonment following revocation of probation, appeal the district court's denial of their 28 U.S.C. § 2241 habeas petition seeking credit for the thirty-one months they spent on probation toward the time they are to spend on parole. We review de novo, Vargas v. United States Parole Comm'n, 865 F.2d 191, 192 (9th Cir.1988), and we affirm.
 
 
 3
 The Soderlings contend that they are entitled to credit toward parole for the time they spent on probation because: (1) 18 U.S.C. § 3568[1] mandates that they receive credit; (2) to deny them credit violates the equal protection clause because the conditions of their probation were as stringent as normal parole conditions; and (3) their sentences will exceed the seven-year statutory maximum unless they receive credit. We reject these contentions.
 
 
 4
 The Soderlings are not entitled to credit under 18 U.S.C. § 3568 for time spent on probation because probationers are not "in custody" within the meaning of section 3568. See United States v. Freeman, 922 F.2d 1393, 1396-97 (9th Cir.1991). The denial of credit does not violate the equal protection clause because probationers are not similarly situated to parolees, who remain "in the legal custody and under the control of the Attorney General." See 18 U.S.C. § 4210(a);[2] City of Cleburne v. Cleburne Living Center, Inc, 473 U.S. 432, 439 (1985). The Soderlings' sentences do not exceed the seven-year statutory maximum because the district court need not credit time spent on probation toward the sentence imposed following revocation of probation. See 18 U.S.C. § 3653.[3]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 18 U.S.C. §§ 3568, 3653 and 4210(a) have been repealed, but are applicable to the Soderlings' claims because they committed their original offenses prior to November 1, 1987
 
 
 [2]
 See footnote 1
 
 
 [3]
 See footnote 1