5 F.3d 542
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Frank MASTERANA, Defendant-Appellant.
 No. 93-10206.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 15, 1993.*
Decided Sept. 1, 1993.
 
 1
 Appeal from the United States District Court for the District of Nevada, No. CR-85-00016-LDG (LRL); Lloyd D. George, District Judge, Presiding.
 
 
 2
 D.Nev.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: HUG and LEAVY, Circuit Judges, and REAL,**Chief District Judge.
 
 
 5
 MEMORANDUM***
 
 
 6
 Appellant Frank Masterana appeals an order of the district court revoking his probationary sentence under a failure to appear conviction and remanding him to custody for six months. Masterana contends that the district court lacked jurisdiction to revoke his probation because his probationary service had already exceeded the statutory maximum of five years. We have jurisdiction over this appeal pursuant to 18 U.S.C. Sec. 3742 and 28 U.S.C. Sec. 1291. We affirm.
 
 I.
 
 7
 According to 18 U.S.C. Sec. 3565, a district court may revoke or extend a term of probation "[i]f the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation...." Masterana does not challenge the district court's conclusion that he violated a condition of his probation. Rather, Masterana appears to argue that the court did not have jurisdiction to revoke his probation because the probation had expired as a matter of law by the time the Government filed its revocation petition.
 
 
 8
 Masterana relies principally upon 18 U.S.C. Sec. 3651 (effectively repealed 1987), which provides that a "period of probation, together with any extension thereof, shall not exceed five years."[1] Masterana maintains that at the time the Government filed its revocation petition, he had already served a total of 5 years, 3 months and 26 days of probation, in excess of the statutory limit. He concludes, for this reason, that his probation had expired and that the court was deprived of any authority to revoke it.
 
 
 9
 Masterana's calculation of his probationary service, however, includes 10 months of incarceration imposed by the district court for a violation of probation under a separate, but related conviction. Because we find that Masterana's probation in the present case was tolled during that period of incarceration, and that his cumulative probationary service has not exceeded 5 years, we reject his argument.
 
 II.
 
 10
 On July 19, 1985, Masterana was sentenced in the case presently before this court (case no. CR-85-00016-LDG) under a conviction for failing to appear in connection with a tax evasion charge on which he was ultimately convicted (case no. CR-83-00107-LDG). For his failure to appear, Masterana was sentenced to five years of custody (four and one-half years of which was suspended) and five years of probation. At the time Masterana received this sentence, he was already serving a three-year term of custody under the tax evasion conviction.
 
 
 11
 On March 30, 1987, the district court granted a motion by Masterana to reduce his sentences on both the failure to appear conviction and the underlying tax evasion conviction, in light of certain family hardships. The court entered an order under both case numbers, ordering that Masterana be released from custody and placed on probation for five years.
 
 
 12
 On February 28, 1991, however, the district court found that Masterana had violated the terms of his probation: Masterana was found guilty several months earlier of a third offense, interstate transmission of wagering information (case no. CR-90-00039-LDG), and sentenced to an eighteen-month term of incarceration. In response to the probation violation, the district court revised the probation it had imposed on March 30, 1987, under the failure to appear and tax evasion convictions. In the tax evasion case, the court entered an order resentencing Masterana to a 10-month term of incarceration, to run concurrently with the transmission of wagering information sentence. In the failure to appear case, the court entered an order stating that Masterana "shall continue under the same terms and conditions originally ordered by the Court and upon the additional condition that probation shall be extended to the maximum of FIVE (5) YEARS with an expiration date of June 11, 1993."
 
 
 13
 Masterana contends that while he was serving the 10-month incarceration which the district court reimposed under the tax evasion conviction, his probation under the failure to appear conviction continued to run. Masterana argues that although the court's orders of February 28, 1991 do not specify whether these sentences were to run concurrently, they should be deemed to have done so. Masterana relies on United States v. Adair, 681 F.2d 1150 (9th Cir.1982), in which we held that a probationary term began on the date that the sentence was imposed, running concurrently with a term of custody, where the sentencing order did "not with fair certainty reveal when the court intended the probationary term to commence." Id. at 1151.
 
 
 14
 We conclude, however, that Adair is inapposite. Unlike Adair, the probationary term in this case had already begun to run when the court amended its terms. More importantly, the court's orders reveal "with fair certainty" that Masterana's probation was not to run concurrently with his incarceration. On the same day that the court sentenced Masterana to an additional term of custody, it "extended" the expiration date of Masterana's probationary period so that it would total "the maximum of FIVE (5) YEARS." Because the probationary term was already 5 years, it is clear that the court's "extension" was meant to toll the probation during Masterana's incarceration. Indeed, it appears that the length of the extension is commensurate with the length of Masterana's incarceration.[2] Accordingly, we conclude that Masterana's probationary period was not running during his incarceration, that his cumulative probationary service has not exceeded 5 years, and that the district court was within its authority to revoke Masterana's probation.
 
 III.
 
 15
 Masterana offers a number of other arguments to the effect that the February 28, 1991, "extension" of his probation was void ab initio. He contends, in essence, that he was sentenced to a probation exceeding five years. Because we conclude that the February 28, 1991, orders actually tolled Masterana's probation while he was incarcerated, we correspondingly conclude that these arguments lack merit.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Manuel L. Real, Chief United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The repeal of section 3651 is not applicable to Masterana because the offense took place prior to November 1, 1987. See Sentencing Reform Act of 1984, Pub.L. Nos. 98-473, Title II, ch. II, Secs. 212(a)(2), 235, 98 Stat. 1987, 2031 (1984), as amended Pub.L. No. 99-217, Sec. 4, 99 Stat. 1728 (1985); Pub.L. No. 99-646, Sec. 35, 100 Stat. 3599 (1986); Pub.L. No. 100-182, Sec. 2, 101 Stat. 1266 (1987)
 
 
 [2]
 Masterana's 5 year probation was initially ordered and commenced on March 30, 1987. The expiration date of the probation therefore should have been March 30, 1992. The order in question "extended" the expiration date to June 11, 1993, a total of 438 days. Comparably, Masterana's incarceration under the tax evasion and transmission of wagering information charges was from July 20, 1990, to October 24, 1991, a total of 461 days