9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Elbert WINGENDER, Defendant-Appellant.
 No. 93-50339.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 26, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward Elbert Wingender appeals from the district court's amended judgment following his guilty plea to aiding and abetting mail fraud in violation of 18 U.S.C. §§ 2 and 1341. Wingender contends that the district court erred by amending the judgment to order that his probation term begin upon his release from custody, rather than at the time of sentencing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 On June 19, 1989, the district court sentenced Wingender under pre-United-States-Sentencing-Guidelines law as follows: "The Defendant is remanded to the custody of the Attorney General for a term of five years. Execution of that sentence is suspended except for six months custody and five years probation...." The judgment of conviction stated as follows:
 
 
 4
 IT IS ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of five (5) years, provided, that pursuant to 18 USC 3651 as amended, said defendant shall be confined in a jail-type or treatment institution for a period of six (6) months and that execution of the remainder of said sentence is suspended and the defendant is placed on probation for a period of five (5) years....
 
 
 5
 On February 22, 1993, Wingender filed a motion for clarification of whether his probation term began on June 19, 1989, when it was imposed, or on February 15, 1990, when he was released from custody. After a hearing on March 26, 1993, the district court clarified that at the time of sentencing, its intent was that probation would commence when Wingender was released. The district court then filed an amended judgment ordering that Wingender was to be placed on probation for five years "commencing on date of release from custody."
 
 
 6
 The intent of the sentencing court determines when a sentence commences. United States v. Freeman, 922 F.2d 1393, 1395 (9th Cir.1991). If the district court does not specify when probation commences, then it is presumed that the court's intent is for probation to commence at the time of sentencing. Id. at 1396 (citing United States v. Adair, 681 F.2d 1150, 1151 & n. 3 (9th Cir.1982)).
 
 
 7
 Here, in both the oral pronouncement of sentence and the original judgment of conviction, the district court imposed a custody term of five years. The district court also ordered that "[e]xecution of that sentence is suspended except for six months custody and five years probation." This language made clear the district court's intent that the probation term would begin at the commencement of the suspended portion of the five-year custody term. See Freeman, 922 F.2d at 1395. Accordingly, the district court did not err by amending the judgment of conviction more specifically to order that the probation term commenced upon Wingender's release from custody. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3