39 F.3d 1186
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Brett ALLEN, Petitioner-Appellant,
v.
Mark A. HENRY, Warden; United States Bureau of Prisons,
Respondents-Appellees.
 No. 94-55344.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 27, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Brett Allen, a federal prisoner, appeals pro se the denial of his 28 U.S.C. Sec. 2241 habeas corpus petition. Allen contends that the district court erred by denying him good time credit. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We review de novo, Grady v. Crabtree, 958 F.2d 874, 874 (9th Cir.1992) (per curiam), and affirm.
 
 
 3
 Depending upon his length of sentence, a federal prisoner sentenced under pre-Guidelines law may be awarded good time credits ranging from five to ten days for each month served. Gubiensio-Ortiz v. Kanahele, 857 F.2d 1245, 1266-67 (9th Cir.1988), vacated on other grounds, 488 U.S. 1036 (1989). Once awarded, good time credit for pre-Guidelines sentences becomes vested and cannot be forfeited or withheld or retroactively terminated or disallowed. 28 C.F.R. Sec. 523.17(q).
 
 
 4
 The Sentencing Reform Act renders the good time credit provisions of pre-Guidelines law inapplicable to persons sentenced under the Guidelines. Gubiensio-Ortiz, 857 F.2d at 1266-67; 28 C.F.R. Sec. 523.10(b). The Guidelines govern offenses committed after November 1, 1987. United States v. Kohl, 972 F.2d 294, 297 (9th Cir.1992).
 
 
 5
 From early 1990 through part of 1991, Allen was serving an aggregate sentence for offenses committed prior to November 1, 1987 (his "pre-Guidelines sentence") for which the Bureau of Prisons calculated his mandatory release date as occurring in 1997. Allen successfully challenged the Bureau's calculated release date. On December 5, 1991, the United States District Court for the District of Colorado ordered that Allen receive certain credit against his pre-Guidelines sentence. This credit advanced Allen's mandatory release date on his pre-Guidelines sentence to September 22, 1991.
 
 
 6
 Allen currently is serving a sentence for offenses committed after November 1, 1987 (his "Guidelines sentence"). Allen contends he should receive good time credits for the period from September 22, 1991 to the time the Bureau of Prisons acted in response to the December 5, 1991 order of the District Court of Colorado. Essentially he argues that during this period, despite the District Court of Colorado's order requiring retroactive recalculation of his release date, he was serving a pre-Guidelines sentence and accumulated good time credits which, under 28 C.F.R. 523.17(q), "vested" and cannot be "retroactively terminated or disallowed."
 
 
 7
 The magistrate judge accurately observed that Allen seeks to benefit from the Bureau of Prison's initial error in calculating his mandatory release date on his pre-Guidelines sentence. Had the Bureau of Prisons correctly calculated his mandatory release date, Allen would have ceased accruing good time credits as of September 22, 1991 when he was released from his pre-Guidelines sentence and began to serve his Guidelines sentence.
 
 
 8
 Allen does not dispute that he has received credit against his Guidelines sentence for all time spent in custody after September 22, 1991. He cannot receive credit both for time served against his Guidelines sentence and for good time credits on a pre-Guidelines sentence for the same time period. Given that the corrected mandatory release date of September 22, 1991 is not disputed, the district court correctly determined that Allen is not eligible for good time credits after that date. See Gubiensio-Ortiz, 857 F.2d at 1266-67; 28 C.F.R. Sec. 523.10(b).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3