42 F.3d 1404
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Warren Bruce STEFFEN, Defendant-Appellant.
 No. 94-10019.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 22, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Warren Bruce Steffen challenges the jurisdiction of the district court to revoke his probation. We review de novo the district court's jurisdiction. United States v. Jones, 852 F.2d 1235, 1237 (9th Cir.1988); United States v. Levitt, 799 F.2d 505, 506 (9th Cir.1986). We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 In May 1987, Steffen was indicted on eight counts of wire fraud. The offenses occurred between May 1983 and April 1984, prior to the effective date of the Sentencing Reform Act of 1984. Following entry of a guilty plea to counts 1, 4, and 6 of the indictment, the district court imposed four-year consecutive terms of imprisonment on each count. The court, however, suspended execution of the sentences on counts 4 and 6 and placed Steffen on probation for four years, to begin upon completion of his custodial term.
 
 
 4
 In April 1991, Steffen was awarded statutory and good time credits and was released from custody pursuant to a Certificate of Mandatory Release. See 18 U.S.C. Sec. 4163 (repealed but applicable for five years to offenses committed prior to November 1, 1987). According to the Certificate, Steffen was released "as if on parole" under the supervision of the Parole Commission until the expiration of his maximum term on February 6, 1992. See 18 U.S.C. Sec. 4164 (repealed but applicable for five years to offenses committed prior to November 1, 1987). Apparently, Steffen was returned to custody in 1991 after violating his parole and then released on November 25, 1991.
 
 
 5
 In November 1993, the district court concluded that Steffen had violated his probation in 1992 by defrauding an individual of $350,000. The court imposed consecutive four-year prison terms on the two suspended counts.
 
 
 6
 Steffen first argues that the district court lacked jurisdiction to revoke his probation because the Sentencing Reform Act eliminated the authority to impose a split sentence of imprisonment and probation. See 18 U.S.C. Sec. 3561(a)(3); U.S.S.G. Sec. 5B1.2, comment. (backg'd). Steffen reasons that once he was released from custody in November 1991, the district court lacked jurisdiction to enforce the probationary aspect of the original sentence. Steffen's reliance on Sec. 3561(a)(3) is misplaced because it does not apply to offenses such as Steffen's, which were committed prior to November 1, 1987. See United States v. Scarano, 975 F.2d 580, 585 (9th Cir.1992) (Sentencing Reform Act does not apply to wire fraud offenses completed before November 1, 1987); see also United States v. Freeman, 922 F.2d 1393, 1395 (9th Cir.1991) (applying pre-Guidelines statutes to a probation violator who had committed his underlying offense prior to November 1, 1987 but violated his probation after that date).
 
 
 7
 Steffen also argues that the district court lost jurisdiction to revoke probation because Steffen spent 53 months in prison when he should have been released after serving 32 months of his 48 month sentence. Whether or not the Bureau of Prisons correctly calculated Steffen's credits does not affect the jurisdiction of the district court to revoke probation. Cf. Freeman, 922 F.2d at 1394 (under pre-Guidelines statute 18 U.S.C. Sec. 3653, a district court may not revoke a probationary sentence once it has expired); see also United States v. Berry, 814 F.2d 1406, 1410 (9th Cir.1987) (inmate must exhaust his administrative remedies before litigating the Bureau of Prisons's calculation of credit). Even if we accepted Steffen's calculation that he should have been released from custody twenty-one months earlier and we further assumed that his four-year probationary term should have commenced in March 1990, he would still have been on probation at the time he committed the acts which resulted in the revocation of his probation.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3