68 F.3d 480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dean Edward BOWEN, Petitioner-Appellant,
v.
Mark A. HENRY, Warden, Respondent-Appellee.
 No. 95-55032.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Dean Edward Bowen appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2241 habeas corpus petition challenging the sentence imposed following his violation of the special parole term imposed pursuant to 21 U.S.C. Sec. 841 in connection with the revocation of the parole term he was serving for a narcotics conviction in the Western District of Washington. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We review de novo, Grady v. Crabtree, 958 F.2d 874, 874 (9th Cir. 1992) (per curiam), and affirm.
 
 
 3
 Bowen contends that the United States Parole Commission ("Commission") acted beyond its authority by imposing a parole violation term that improperly exceeded the 24-month special parole term originally imposed by the sentencing court. This contention lacks merit.
 
 
 4
 The Commission did not impose a 48-month parole violation term, as Bowen contends. Rather, the Commission properly imposed a 24-month special parole term, and delayed the running of that term pursuant to 28 C.F.R. Sec. 2.47(e)(2). Bowen's parole violation behavior was rated as Category Five severity pursuant to 28 C.F.R. Secs. 2.20, 2.21, because it involved the distribution of between 29,000 and 200,000 doses of a controlled substance. Based on this severity rating, the Commission computed Bowen's guideline to be 48-60 months, and the Commission ultimately calculated the date of reparole to be February 18, 1994, after service of 48 months on Bowen's new sentence. See 28 C.F.R. Sec. 2.47(e)(2).[1] Accordingly, the Commission only imposed a 24-month special parole term, which will commence after Bowen serves 48 months of his new sentence.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 28 C.F.R. Sec. 2.47(e)(2) provides in pertinent part:
 [i]t shall be the policy of the Commission that the parolee's original sentence (which due to the new conviction, stopped running upon his last release from federal confinement on parole) again start to run only upon release from the confinement portion of the new sentence or the date of reparole granted of (sic) these rules, whichever comes first.