**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**R.G. REYNOLDS, Defendant—
Appellant.**

No. 03–50353.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 11, 2004.

Decided May 19, 2004.

Erik M. Silber, Esq., Los Angeles, CA, for Plaintiff–Appellee.

Clifford Barnard, Boulder, CO, for Defendant–Appellant.

R. G. Reynolds, Huntington Beach, CA, pro se.

Before RYMER and GRABER, Circuit Judges, and MOLLOY,* Chief District Judge.

## MEMORANDUM **

Following his conviction on thirteen counts of mail fraud and two counts of witness tampering, R.G. Reynolds was sentenced in 1992 to a twelve-year prison term for pre-guideline counts 1–11, a two-year prison term under the Sentencing Guidelines for counts 14 and 15, and five years of probation for counts 12 and 13 "to run consecutively to" the sentences on the other counts. Reynolds appeals the district court's denial of his motion for reconsideration of his motion for discharge on probation and restitution.

Reynolds raises three issues on appeal: (1) whether he has served five years of probation; (2) whether the sentencing order mandated that probation run concurrently with parole; and (3) whether, if he completed probation in May 2003, restitution payments made since that time should be returned to him. We affirm the district court's ruling.

I

The district court's interpretation of its sentencing order to require Reynolds to begin serving his term of probation after the completion of his parole does not constitute double jeopardy. The district court's judgment shows that it intended probation on counts 12 and 13 to run consecutive to the entire sentence (including parole) on the remaining counts. To the extent there is any ambiguity owing to the court's failure to use "sentence," it was clarified and resolved when the court approved the Probation Office's interpretation of the judgment. The presumption recognized in *United States v. Adair*, 681 F.2d 1150 (9th Cir.1982), that in the absence of a specific provision to the contrary, sentences of probation run concurrently with parole, does not apply here because the district judge stated clearly that he intended for the sentence of probation to be served consecutively.

II

The Probation Office's administration of Reynolds' parole did not convert it into probation. Regardless of whether the circumstances created in Reynolds a subjective belief that he was on probation rather than parole, that belief alone cannot transform the character of his supervision between 1998 and 2003 from parole to probation in light of the district court's manifest intent to the contrary.

III

The payments Reynolds made during his period of parole need not be returned for lack of jurisdiction because his probation did not expire on May 28, 2003, as he

---

* The Honorable Donald W. Molloy, Chief District Judge, United States District Court for the District of Montana, sitting by designation.

contends. Any payments made to date are credited against the restitution ordered by the district court.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.