**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Edward Joseph RODRIGUEZ,
Defendant-Appellant.**

**No. 82–1048.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 1982.
Decided July 29, 1982.
As Modified Aug. 19, 1982.

Yolanda Barrera Gomez, Los Angeles, Cal., for defendant-appellant.

William L. Webber, Asst. U. S. Atty., Los Angeles, Cal., William S. Farmer, Jr., Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before ANDERSON, FERGUSON and REINHARDT, Circuit Judges.

FERGUSON, Circuit Judge:

This is a case determining when a term of probation began to run. Commendably, the district court, recognizing the importance of the issue, postured the case to insure an effective appeal.

In the fall of 1973, defendant Rodriguez pleaded guilty to one count of bank robbery and on October 1, 1973 was sentenced to a 12-year prison term. The court ordered the suspension of the prison term on the condition that the defendant spend the first six months of his sentence in a jail-type institution and that he be placed on probation for five years.

In October 1975, the defendant was found to be in violation of his probation. As a result, his probation was revoked and the 12-year sentence reimposed. However, in December 1975 the sentence executed in October was again modified and the defendant was reinstated on probation.

A similar series of events occurred three years later. In December 1978, defendant was again found in violation of probation. As a result, his probation was revoked and the 12-year prison sentence was reinstated. On March 19, 1979, the defendant agreed to an extension of his probationary term in excess of the statutory five-year maximum, and as a result his sentence was suspended one more time.

Subsequently, a third petition alleging that the defendant had violated probation was filed, and a revocation hearing was held on January 18, 1982.

At the hearing, defendant filed a motion to quash the bench warrant on the ground that the court was without jurisdiction to issue the warrant. His motion was unsuccessful. The defendant's probation was again revoked, but execution of the sentence was stayed pending appeal and the defendant released.

The district court was without jurisdiction to issue the warrant because the five-year maximum for a term of probation had expired. Defendant's consent cannot render an illegal extension legal. Thus, the order revoking probation is reversed.

There are two issues in this case:

(1) When did the defendant's probation begin to run?

(2) Can the defendant stipulate to a probationary term exceeding the five-year maximum?

The government concedes that federal courts derive their sole authorization to suspend a sentence and place a defendant on probation from 18 U.S.C. § 3651 and that § 3651 limits the maximum probation term to five years. The government contends, however, that it is unclear when defendant's probation term began and, therefore, it is also unclear if the five-year maximum has expired. Thus, it suggests that the case be remanded to the district court to determine when the probation period began and to ascertain how much of the probation period should be tolled. According to the government, without such a determination it is impossible to know whether the court properly exercised jurisdiction.

Defendant readily concedes that the period of incarceration in prison for probation violations tolls the probationary period. Altogether the defendant spent 407 days in prison for such violations. However, under the facts of this case, the probationary period should not be tolled for the first six months of his sentence spent in the jail-type institution. Therefore, Rodriguez correctly insists that even with an accurate tolling of the probationary period, the five-year maximum was clearly violated.

■ The "unifying principle" that emerges from cases in which the five-year period has been the subject of calculation is that "a probationer cannot obtain credit against the five-year period for any period of time during which he was not in fact under probationary supervision by virtue of his wrongful act." *United States v. Workman*, 617 F.2d 48, 50 (9th Cir. 1980). We must therefore determine at what date defendant came under probationary supervision.

■ It is possible for federal probation to run concurrently with a federal prison sentence. *See Sanford v. King*, 136 F.2d 106 (4th Cir. 1943). In *Burns v. United States*, 287 U.S. 216, 223, 53 S.Ct. 154, 156, 77 L.Ed. 266 (1932), the Court found that even though the defendant was incarcerated, his probationary period should not be tolled because he was subject to the conditions of probation.

■ Moreover, there is a long-standing presumption, when the record is silent, in favor of concurrent sentences when the defendant has been found guilty on two counts and has been sentenced to imprisonment on one count and probation on the other. *See United States v. Adair*, 681 F.2d 1150 (9th Cir. 1982); *Martinez v. Nagle*, 53 F.2d 195 (9th Cir. 1931); *Puccinelli v. United States*, 5 F.2d 6 (9th Cir. 1925). There is no solid basis in principle for distinguishing that situation and the one in which the defendant is being sentenced on one count.[1]

■ Moreover, in the case before us the record is not silent. It is evident from the record that the court intended to begin the probationary period from the time of sentencing. The court's order modifying the defendant's prison sentence stated "the period of probation shall extend to September 3, 1978." September 3, 1978 would be almost five years from the time of the original sentence on October 1, 1973. It is unlikely, therefore, that the court intended to toll the probationary period during the defendant's incarceration in the jail-type institution.[2]

We hold that the probation period began with the October 1, 1973 sentencing. We conclude that 407 days spent in prison due

---

1. We note that it is possible to view a sentence such as that imposed here *either* as incarceration followed by probation *or* as probation with some incarceration as a condition of that probation. If the sentence is viewed in the first way, probation would begin upon the completion of incarceration. *United States v. Clayton*, 588 F.2d 1288, 1291 (9th Cir. 1979). *Clayton* does not state a preference between the alternatives, and nothing in this opinion prevents a sentencing court from clearly indicating its intention to use the first alternative.

When there is no such indication, or, as here, where there is an indication that the court intended the second alternative, we will view the sentence as one of probation, with incarceration as a condition thereof.

2. It may be that the order contained a typing error and that it should have specified the ending of probation as September 30, 1978 and not September 3, 1978. That matter, however, need not be decided as it is not material to the court's decision.

to probation violations should be tolled, but the six months in the jail-type institution should be included in the probationary period. The maximum five-year period had expired at the time the bench warrant was issued and the court no longer had jurisdiction over the defendant.

It is irrelevant that the defendant agreed to the extension of the probationary period. The government concedes that the defendant's "consent" cannot be used to make an illegal extension legal. It is all too easy to get a defendant to consent to such an extension when the alternative, if consent is not given, is a prison term. "As a practical matter, a defendant's consent to a probation condition is likely to be nominal where consent is given only to avoid imprisonment." *United States v. Pierce*, 561 F.2d 735, 739 (9th Cir. 1977). Thus, we hold that consent can never be used to justify exceeding the five-year maximum probationary period.

REVERSED.