UNITED STATES of America, Plaintiff-Appellee,

v.

Alvin Gerson LEVITT, Defendant-Appellant.

No. 85–5079.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 1986.

Decided Sept. 8, 1986.

Roberta Yang, Los Angeles, Cal., for plaintiff-appellee.

Arthur Lewis, Los Angeles, Cal., for defendant-appellant.

Before GOODWIN, TANG and FLETCHER, Circuit Judges.

TANG, Circuit Judge.

Levitt appeals from revocation of his probation for violating the terms of a sentence imposed after his conviction for conducting an illegal gambling business. He does not dispute the acts the Government contends violated the terms of his probation, but argues those acts did not occur within the probation period and the district court thus lacked jurisdiction to revoke his probation and to impose sentence. We agree.

## BACKGROUND

On September 26, 1977, Levitt was convicted and sentenced on one count of conducting an illegal gambling business in violation of 18 U.S.C. § 1955 (1982). The judgment included the following language specifying his sentence:

> "[D]efendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of two years and on the condition he spend the first four months of the sentence in a jail-type institution, execution of the balance of the sentence is suspended and the defendant is placed on probation for a period of five years ..."

Levitt began serving the four month portion of his sentence on March 7, 1979, and was released from Terminal Island on June 22, 1979. On May 4, 1984 a Petition for Probation Action was filed, ordering Levitt to show cause why his probation should not be revoked because he violated state gambling laws, and thus violated the terms of his probation, on April 13, 1984. On March 18, 1985 his probation was revoked.

## DISCUSSION

This court reviews *de novo* as a question of law a district court's assumption of jurisdiction. *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir.1984).

In 1977 the district court, under the authority of 18 U.S.C. § 3651 (1982), ordered Levitt to serve four months in jail as a condition for suspending the remainder of his prison sentence of two years, and placed him on probation for five years. The commitment order did not expressly state whether the probationary period was to follow the four months in a jail-type institution, or to run concurrently with the prison term.

The Government contends, and the district court agreed, that the express language of the sentencing order provides that the jail term is to be followed by the probation period. We disagree. The order does not clearly and literally state probation is to follow the jail term. Nevertheless, the Government relies on numerous cases in which sentences using similar language were apparently construed as requiring probation to commence at the conclusion of the jail term. *See, e.g., United States v. Principato*, 717 F.2d 1313, 1314 (9th Cir.1983), *cert. denied*, 465 U.S. 1081, 104 S.Ct. 1448, 79 L.Ed.2d 767 (1984); *Nicholas v. United States*, 527 F.2d 1160, 1161 (9th Cir.1976); *United States v. Kohlberg*, 472 F.2d 1189 (9th Cir.1973). In *United States v. McDonald*, 611 F.2d 1291, 1295 (9th Cir.1980), the court did state that "[a]ppellant served his 180 days and *upon his release from custody commenced* serving his probationary term[,]" but this is a factual assertion, not an analysis of the question of when probation commenced. *Id.* at 1292–93. (Emphasis supplied.)

The problem with reliance on these cases for interpretation of the language of sen-

tencing orders is that none of them concerned the issue of when probation commences. In short, none of these cases addresses the legal question presented by the case at bar, in which a probation violation more than five years after the defendant began serving his prison term, but less than five years after his release from prison squarely raises the question of when his probation term begins.

 The interpretation of a sentencing order is governed by the court's intent. *Sanford v. King,* 136 F.2d 106, 108 (5th Cir.1943). It has long been noted that it is possible for probation to run concurrently with a prison sentence, *see, e.g., United States v. Rodriguez,* 682 F.2d 827, 829 (9th Cir.1982), in part because the probation terms and conditions are applicable while the defendant is incarcerated. *See Burns v. United States,* 287 U.S. 216, 223, 53 S.Ct. 154, 156, 77 L.Ed. 266 (1932). In *Burns* the defendant was serving a jail sentence while on probation with respect to another sentence. Because the terms of his probation required that he refrain from violation of law and conduct himself as a law-abiding citizen, the Court held he was subject to those conditions while incarcerated. *Id.* Levitt's probation sentence requires, in addition to the standard conditions, that he not be involved in bookmaking. This restriction applies as readily while he serves the jail portion of his sentence as while he is at liberty.

 Levitt contends that his probationary period must be construed to have commenced when he began to serve his prison term on March 7, 1979. He argues that the local court rule governing probation sentencing controls the outcome of this case. We agree. C.D.Cal.Crim.R. 10.3 says:

> Unless otherwise provided to the contrary, the term of probation shall commence upon pronouncement of sentence even though jail time is required as part of the execution of the sentence, as a condition of probation or sentence under 18 U.S.C. § 3651.

As indicated, we do not believe the language of the commitment order expressly provides that the probation term is to commence upon completion of the jail term of the sentence, and thus, the local rule clearly mandates that probation is to commence upon pronouncement of sentence.

## CONCLUSION

 Because it would be a simple matter to insert a specific indication of the court's intent ("then" or "to be followed by"), *see Sanford,* 136 F.2d at 108, we hold that absent express language to the contrary, under local rule C.D.Cal.Crim.R. 10.3, probation must be presumed to run concurrently with incarceration. Because the probation violation did not occur within the probationary period, the district court was without jurisdiction to impose sentence.

The judgment of the district court is REVERSED and the cause is REMANDED for the district court to VACATE its sentence.