983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard GONZALES, Defendant-Appellant.
 Nos. 91-50825, 92-50364.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 14, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, Richard Gonzales appeals from his sentence following revocation of probation. He contends that the district court lacked jurisdiction to sentence him because the term of probation had expired prior to the dates on which he committed the probation violations. We have jurisdiction under 28 U.S.C. § 1291 and we vacate and remand.
 
 
 3
 We review de novo the district court's assumption of jurisdiction. United States v. Levitt, 799 F.2d 505, 506 (9th Cir.1986).
 
 
 4
 "The interpretation of a sentencing order is governed by the court's intent." Levitt, 799 F.2d at 507. It is possible for a term of probation to run concurrently with a prison sentence. Id.; United States v. Rodriguez, 682 F.2d 827, 829 (9th Cir.1982). Under the Local Rules of the Central District of California, a term of probation must be presumed to run concurrently with incarceration unless the judgment expressly states otherwise. Levitt, 799 F.2d at 507 (citing C.D.Cal.Crim.R. 10.3). "Moreover, there is a long-standing presumption, when the record is silent, in favor of concurrent sentences when the defendant has been found guilty on two counts and has been sentenced to imprisonment on one count and probation on the other." Rodriguez, 682 F.2d at 829; see United States v. Carter, 827 F.2d 546, 548 (9th Cir.1987) ("[i]f the sentencing judge does not intend probation to run concurrently with incarceration, 'the probationary sentence should state explicitly and precisely when probation is to commence' ") (quoting United States v. Adair, 681 F.2d 1150, 1151-52 (9th Cir.1982)); see also United States v. Freeman, 922 F.2d 1393, 1395 (9th Cir.1991) (noting that 18 U.S.C. § 3564(a) (1988), which provides that a sentence of probation imposed after November 1, 1987 is presumed to begin on the date of sentencing unless the district court expressly orders otherwise, codified a rule applicable to sentences imposed before 1987).
 
 
 5
 Here, Gonzales was sentenced on April 27, 1981 following his guilty plea to two counts of bank robbery and use of a dangerous weapon in violation of 18 U.S.C. § 2113(a) and (d). The district court sentenced him to eight years incarceration on Count I and twelve years incarceration on Count II, but suspended execution of sentence on Count II and ordered that Gonzales be placed on probation for a period of five years, subject to general and specific conditions. One specific condition was that he not possess any dangerous weapons. The judgment did not state whether probation on Count II would run consecutive to or concurrent with incarceration on Count I. Gonzales was released from federal custody on September 30, 1986.[1]
 
 
 6
 On February 20, 1987, the district court ordered Gonzales' arrest for failure to comply with bail conditions The violations were alleged to have occurred on October 24, 1986, January 14 and 30, 1987, and February 1, 3, 4, and 7, 1987. On July 24, 1987, Gonzales pleaded guilty in state court to two counts of armed robbery, and the federal petition for probation action was later amended to include these robberies as violations of the federal probation.
 
 
 7
 Following his release from state custody, Gonzales appeared before the district court on a probation revocation hearing. He contested the district court's jurisdiction to revoke his probation, contending that the five-year term of probation had commenced on the date of sentencing, April 27, 1981 and expired on April 27, 1986, before any of the alleged probation violations. He argued that as the 1981 judgment and conviction order had not specified that the probation term would run consecutive to his incarceration, it must be presumed to have run concurrent to his incarceration. The district court denied the motion, finding that it had intended his probation to run consecutive to incarceration. Gonzales then admitted the armed robbery allegations and the government declined to prosecute the remaining alleged probation violations. The district court revoked probation and sentenced Gonzales to four years incarceration.
 
 
 8
 The district court acknowledged that our decision in Levitt controlled its jurisdiction, but found that the terms of probation were a sufficiently "express" statement of its intent that Gonzales' probation run consecutive to incarceration. We disagree. Although we do not doubt the district court's recollection of its usual practice with respect to terms of probation imposed in 1981, the actual sentencing record before us is silent. The terms of probation are no more tailored to Gonzales' life outside prison than were the terms of probation in Levitt, and under our holding in that case, the probation terms do not constitute a sufficiently "express" statement of intent.[2] Accordingly, as the judgment contained no other indication, the sentence of probation must be presumed to have begun on the date of sentencing, April 27, 1981, and to have expired on April 27, 1986. The district court lacked jurisdiction to revoke probation for acts occurring after that date. See Levitt, 799 F.2d at 507.[3]
 
 
 9
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government correctly notes that documents prepared by the probation office, each indicating that the term of probation was concurrent to incarceration, are irrelevant to the issue of the district court's intent. Nevertheless, the government also characterizes Gonzales' regular contact with his probation officer following his release on parole in 1986 as "evidence" that he knew his term of probation ran consecutive to his incarceration. This, too, is irrelevant to the district court's intent and cannot be used to establish jurisdiction. See Rodriguez, 682 F.2d at 830 (defendant's consent cannot justify extension of probation term beyond the statutory maximum)
 
 
 [2]
 The terms of probation, which required that Gonzales participate in a drug rehabilitation program and refrain from possessing weapons in addition to the general requirement that he conduct himself as a law-abiding citizen, were applicable to his conduct while in prison and do not "clearly indicate" that the term of probation was to run consecutive to incarceration. See Levitt, 799 F.2d at 507. Weapons are forbidden by independent rules applicable to prisoners, and the 1981 judgment did specify that defendant's drug rehabilitation program must be approved by the probation officer. Nevertheless, we note that under then-prevailing sentencing rules the district court could not have predicted in advance whether Gonzales would be paroled on Count I prior to expiration of his probation on Count II
 
 
 [3]
 The government argues that the rule articulated in Levitt is inapplicable to the instant case because Local Rule 10.3 did not become effective until October 1, 1983, two years after the Gonzales' sentencing. Nevertheless, as Levitt was sentenced in 1977, the Levitt court clearly did not find this fact dispositive. Moreover, even before promulgation of the local rule, we have presumed that sentences on multiple counts run concurrently unless the judgment states otherwise. See Rodriguez, 682 F.2d at 829 (holding that probation ran concurrently with incarceration in judgment imposed in 1973)