988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Roger REAVES, Defendant-Appellant.
 No. 92-50434.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 1, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CR-82-0719-TJH-1; Terry J. Hatter, Jr., District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Roger Reaves appeals from his sentence following revocation of probation. He contends the district court lacked jurisdiction to sentence him because the term of probation had expired prior to the application for and filing of the bench warrant for probation violations. We have jurisdiction under 28 U.S.C. § 1291 and we affirm because the probationary term had not expired when the revocation action was taken.
 
 
 3
 We review de novo the district court's assumption of jurisdiction. United States v. Levitt, 799 F.2d 505, 506 (9th Cir.1986).
 
 
 4
 "The interpretation of a sentencing order is governed by the court's intent." Levitt, 799 F.2d at 507. Where the conditions and terms of probation are applicable while the defendant is incarcerated, it is possible for a term of probation to run concurrently with a prison sentence. Id. Under the Local Rules of the Central District of California, a term of probation must be presumed to run concurrently with incarceration unless the judgment expressly states otherwise. Id. (citing C.D.Cal.Crim.R. 10.3).[1] "[T]here is a long-standing presumption, when the record is silent, in favor of concurrent sentences when the defendant has been found guilty on two counts and has been sentenced to imprisonment on one count and probation on the other." United States v. Rodriguez, 682 F.2d 827, 829 (9th Cir.1982); cf. United States v. Freeman, 922 F.2d 1393, 1395 (9th Cir.1991) (noting that 18 U.S.C. § 3564(a) (1988), which provides that a sentence of probation imposed after November 1, 1987 is presumed to begin on the date of sentencing unless the district court expressly orders otherwise, codified a rule applicable to sentences imposed before 1987).
 
 
 5
 Here, Reaves was sentenced on December 17, 1982 following his guilty pleas to Counts 1 (conspiracy to import, distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 846, 963), 2 (conspiracy to defraud the Internal Revenue Service in violation of 18 U.S.C. § 371), 4 and 5 (possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1)), and 8-13 (evasion of taxes in violation of 26 U.S.C. § 7201) of a second superseding indictment, and unlawful use of a communication facility in violation of 21 U.S.C. § 843(b) as charged in a third superseding information. The district court sentenced him to five years incarceration on each of Counts 1, 2, 4 and 5, sentences to run concurrently with each other and with parole eligibility to begin after 20 months.
 
 On Counts 8-13, Reaves was sentenced:
 
 6
 [to] pay a TOTAL FINE in the sum of $10,000 and for a period of five (5) years on each of [Counts 8-13] which shall run concurrently with each other and consecutive to the sentences imposed on Counts 1, 2, 4 and 5; on the Third Superseding Information, for imprisonment for a period of four (4) years which shall run concurrently with the sentences imposed on Counts 8 thru 13. The execution of the sentences as to imprisonment only on Counts 8 thru 13 and as to the Third Superseding Information is hereby suspended and the defendant placed on probation for a period of FIVE (5) years.
 
 
 7
 One specific condition of probation was that Reaves perform 5,000 hours of community-service work during the probationary period.
 
 
 8
 Reaves was released from custody on October 5, 1984.[2] On July 11, 1988, the probation office requested and the district court issued a bench warrant for Reaves' arrest based on violations of the conditions of his probation. Reaves contested the district court's jurisdiction to revoke his probation, contending that the five-year term of probation commenced on the date of sentencing, December 17, 1982, and expired prior to any probation office or court action based on violations of the terms of his probation. The district court denied the motion, finding that the judgment was not silent on the issue of when the probationary term was to begin. Reaves then admitted five of seven alleged probation violations. Reaves' probation was revoked and he was sentenced to 48 months incarceration on June 15, 1992.[3]
 
 
 9
 We agree with the district court that the record was not silent as to when the probationary term was to begin. Clearly, the incarceration portion of the sentence on Counts 8-13 and the count contained in the third superseding information was to run consecutive to the sentence of imprisonment imposed in Counts 1, 2, 4 and 5. The sentencing order indicates that the district court intended that Reaves continue under penal supervision beyond the term of incarceration served for the convictions on Counts 1, 2, 4 and 5.
 
 
 10
 The district court's imposition of 5,000 hours of community service work as a condition of probation also indicates the intent that the probationary term be served consecutive to the incarceration imposed on Counts 1, 2, 4 and 5. Even if Reaves had been released at his first available parole date, 20 months after incarceration, he would still have had only 40 months to complete 5,000 hours of community service. He would have had to devote approximately 30 hours a week exclusively to satisfying his community service requirement. This amount of time is inconsistent with any expectation that Reaves support himself upon his release from prison.[4]
 
 
 11
 Because the sentencing order was not silent as to when the district court intended the probationary term to begin, cf. Freeman, 922 F.2d at 1396, and because the community service term of imprisonment was not applicable while Reaves was in prison, see Levitt, 799 F.2d at 507, we hold that Reaves' five-year term probation did not begin to run until after he was released from prison in October 1984. Accordingly, the district court had jurisdiction to issue the bench warrant for probation revocation on July 11, 1988.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Local Rule 10.3 did not become effective until October 1, 1983, nearly one year after Reaves' sentencing. Nonetheless, as Levitt was sentenced in 1977, the Levitt court clearly did not find this fact dispositive. Further, even before promulgation of the local rule, we have presumed that sentences on multiple counts run concurrently unless the judgment states otherwise. See Rodriguez, 682 F.2d at 829 (holding that probation ran concurrently with incarceration in judgment imposed in 1973)
 
 
 [2]
 On May 9, 1983, pursuant to a Fed.R.Crim.P. 35 motion for reduction of sentence, the district court reduced Reaves' sentence on Counts 1, 2, 4 and 5 from five to three years incarceration
 
 
 [3]
 The sentence on the probation violation is to be served consecutive to a separate sentence of 126 months for violation of special parole terms imposed as part of the original sentence on Counts 1, 2, 4 and 5
 
 
 [4]
 We note that the government attempts to characterize Reaves' apparent consent to consecutive imposition of the probation term as evidence that the term was intended to run consecutive to his incarceration. Under the law of this circuit, evidence of Reaves "consent" to consecutive imposition of a probationary term is irrelevant to the district court's intent and cannot be used to establish jurisdiction. See Rodriguez, 682 F.2d at 830 (defendant's consent cannot justify extension of probation term beyond the statutory maximum)