24 F.3d 251
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Austin Joseph LEAHY, Defendant-Appellant.
 No. 93-17240.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 18, 1994.
 
 Before: HUG, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Austin Joseph Leahy, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion. Leahy was sentenced to a one year period of incarceration for violation of probation. Leahy contends the district court erred when it denied his motion for vacation of sentence on the basis that the court lacked jurisdiction to sentence him for violation of probation. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 Leahy pled guilty to three counts of mail fraud and, on August 25, 1986, was sentenced on each of two counts to five years imprisonment to run concurrently and to a five year probation term on the third count. On November 1, 1988, Leahy was sentenced for escape from federal custody to 60 days imprisonment to run concurrently with his previous sentence. On March 8, 1993, Leahy was sentenced to a one year period of incarceration for violation of probation based on acts occurring in February and March of 1992.
 
 
 4
 In district court, Leahy contended that the court lacked jurisdiction to sentence him for violations of probation because at the time of the alleged violations he was on parole and his probation period had not yet commenced. The district court properly denied this claim. The district court can revoke probation for pre-probation conduct. See United States v. Daly, 839 F.2d 598, 601 (9th Cir.1988).
 
 
 5
 In his motion for reconsideration and on appeal, Leahy changed his approach, contending that the district court lacked jurisdiction to sentence him for violations of probation not because his probation period had not yet commenced, but because it had already expired. Because Leahy's 1986 judgment did not expressly order that probation follow his period of incarceration, Leahy cites United States v. Levitt, 799 F.2d 505, 507 (9th Cir.1986) and United States v. Adair, 681 F.2d 1150, 1151 (9th Cir.1982) for the proposition that the probation period must be presumed to run concurrently with his period of incarceration and therefore to have expired prior to the time of the alleged violations.
 
 
 6
 The interpretation of a sentencing order is governed by the sentencing court's intent. Levitt, 799 F.2d at 507. Because the terms of probation may apply to a defendant while incarcerated, it is possible for a period of probation to run concurrently with a prison sentence. Id. Where a sentencing order is silent as to when the probationary term commences, there is a strong presumption that the term starts on the date sentence is imposed and runs concurrently with any period of imprisonment imposed on any remaining counts. Adair, 681 F.2d at 1151.
 
 
 7
 Leahy's 1986 judgment did not expressly state whether his five year term of probation was to run concurrently with or consecutively to his period of incarceration. However, the wording and structure of Leahy's 1986 judgment demonstrate the sentencing court's intent that probation follow incarceration. The 1986 judgment addresses sentencing on the first two counts together and expressly orders that those sentences run concurrently. In a separate paragraph, the sentencing order provides that sentencing on third count be suspended and defendant be placed on probation for a period of five years.
 
 
 8
 Given the wording and structure of the 1986 judgment, we find it apparent from the face of the judgment that the sentencing court intended Leahy's probation to follow his incarceration. Consequently, we do not apply the presumption of concurrency. See Levitt, 799 F.2d at 507 (the interpretation of a sentencing order is governed by the sentencing court's intent).
 
 
 9
 In sum, we reject both of Leahy's challenges to the district court's jurisdiction.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3