42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William ELROD, Jr., Defendant-Appellant.
 No. 94-10051.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 22, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Elrod, Jr., appeals the district court's order revoking his probation. Elrod first contends that his probationary term expired before he committed the acts supporting the revocation, therefore, the district court lacked jurisdiction to revoke his probation. Second, Elrod argues that the district court erred by failing to order a study of his psychological condition before imposing sentence. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 * District Court's Jurisdiction to Revoke Probation
 
 
 4
 On January 5, 1984, Judge Vukasin sentenced Elrod on two charges of unarmed bank robbery--one charge had originated in the Northern District of California (CR-83-00708), the other had been transferred from the Eastern District of California (CR-84-00001). Judge Vukasin imposed a ten-year sentence on the 1983 Northern District charge. He imposed a twenty-year consecutive sentence on the 1984 Eastern District charge, but suspended execution of the sentence and placed Elrod on probation for five years. Judge Vukasin stated that "[the second] sentence is to be served consecutively to the sentence on the first sentence that has been imposed this morning. It's to commence upon release from custody on the first charge." In summarizing the ultimate sentence, Judge Vukasin stated:
 
 
 5
 Essentially what I have said here is I have imposed a sentence of ten years. You should be released in about two thirds of that time on the first sentence. The second sentence runs consecutively. It starts from your release from custody on the first sentence. You will not serve any time on the second sentence if you successfully and fully participate in a drug rehabilitation program. If you violate your probation, you will be sent to the state [sic] penitentiary for 20 years.
 
 
 6
 In the summer of 1993, Elrod violated his probation by snatching a woman's purse and beating the woman with whom he was living. Elrod argued that although Judge Vukasin specified that the terms of incarceration would run consecutively, he was silent on when the probation term would commence. Therefore, according to Elrod, the probation term is presumed to begin on the date of sentencing and run concurrent with his custodial term. Under that theory, Elrod's probationary term would have ended in January 1989, or four and a half years before the alleged violations occurred. Elrod therefore moved to dismiss the revocation proceedings for lack of jurisdiction.
 
 
 7
 Judge Caulfield concluded that Judge Vukasin had intended Elrod's probationary term to commence upon his release from the custodial term and imposed a twenty-year sentence.
 
 
 8
 We review de novo whether the district court had jurisdiction to revoke probation. United States v. Levitt, 799 F.2d 505, 506 (9th Cir.1986).
 
 
 9
 The district court's intent governs the interpretation of a sentencing order. Id. at 507. Because the conditions of probation may apply to a defendant while incarcerated, it is possible for a probationary term to run concurrently with a custodial term. Id. When a sentencing order is silent as to when the probationary term commences, there is a strong presumption that probation commences on the date the sentence is imposed as opposed to the date the incarceration ends. Id. at 506-07 (presumption applies when sentencing "order does not clearly and literally state probation is to follow the jail term"); United States v. Adair, 681 F.2d 1150, 1151 (9th Cir.1982) (presumption applies when "order does not with fair certainty reveal when the court intended the probationary term to commence").
 
 
 10
 We agree with the district court that Judge Vukasin intended Elrod's probationary term to begin after he completed the custodial term. While orally pronouncing sentence, Judge Vukasin specified that the second sentence is "to commence upon release from custody on the first charge" and that "[i]t starts from your release from custody on the first sentence." The judgment and commitment form repeated that the sentence in the 1984 Eastern District case was consecutive to the sentence in the 1983 Northern District case and would "commence upon release from custody." Thus, the wording of the sentencing order demonstrates the sentencing court's intent that probation follow incarceration. See United States v. Freeman, 922 F.2d 1393, 1395-96 (9th Cir.1991).
 
 
 11
 Judge Vukasin's intent is further indicated by the requirement that Elrod participate in a drug rehabilitation program as a special condition of probation. Although such a condition could be satisfied in prison, here, the court expressly delegated to the probation officer the discretion of prescribing the program, indicating that the condition would be satisfied outside prison. Cf. Levitt, 799 F.2d at 507 (condition not to engage in bookmaking applies as readily to jail portion of sentence as to probation). Therefore, the court had jurisdiction to revoke Elrod's probation. See Freeman, 922 F.2d at 1395-96.
 
 II
 
 12
 Failure to Order a Psychological Study Before Sentencing
 
 
 13
 Elrod argues that the district court failed to order a study pursuant to 18 U.S.C. Sec. 4205(c) which would have enabled it to consider mitigating factors before imposing the maximum term of imprisonment.
 
 
 14
 We review for abuse of discretion a district court's decision whether to order a presentence study. Cf. United States v. Bos, 917 F.2d 1178, 1183 (9th Cir.1990) (reviewing for abuse of discretion a district court's refusal to continue sentencing to accommodate defendant's request for a psychiatric examination under 18 U.S.C. Sec. 4244(b)).
 
 
 15
 Under 18 U.S.C. Sec. 4205(c), which was repealed but still applies to offenses committed before November 1, 1987, the district court "may order a study" of a defendant when the court "desires more information" prior to sentencing. Although trial courts are accorded virtually unfettered discretion in imposing pre-Sentencing Guidelines sentences, appellate review is available if the district court refused to exercise its discretion, for example, by automatically imposing the maximum term. United States v. Barker, 771 F.2d 1362, 1364 (9th Cir.1985). Moreover, a district court abuses its discretion in violation of the due process clause if it imposes the maximum sentence without allowing the probation violator an opportunity to present mitigating evidence. United States v. Diaz-Burgos, 601 F.2d 983, 985-86 (9th Cir.1979) (per curiam).
 
 
 16
 Here, the district court permitted a full discussion of potential mitigating circumstances before sentencing Elrod to the maximum term. At the revocation hearing, the court received evidence concerning Elrod's medications and medical care. At sentencing, Elrod introduced his medical records and a letter from his mother describing a head injury and anti-seizure medication. Although the court declined to order a study of Elrod prior to sentencing, the statute vests discretion in the district court to determine whether a study is desirable. See 18 U.S.C. Sec. 4205(c) (court "may" order a study if it "desires more information"). Because the court provided Elrod an adequate opportunity to present medical evidence, we hold that the district court did not abuse its discretion or violate Elrod's due process rights by sentencing him without first ordering a study of his mental condition. Cf. Bos, 917 F.2d at 1183 (district court did not abuse its discretion by sentencing a defendant without a psychiatric examination under 18 U.S.C. Sec. 4244(b) when defendant had not provided any substantial information indicating the need for evaluation and court allowed defendant to present evidence on his mental and emotional condition at the sentencing hearing); Diaz-Burgos, 601 F.2d at 985-86.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3