62 F.3d 1427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio VELA, Defendant-Appellant.
 No. 94-10267.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio Vela appeals the revocation of his supervised release and his eight year sentence. Vela argues that the government did not establish by a preponderance of the evidence that he violated the conditions of his release and that the revocation hearing violated due process. Vela also argues that the district court imposed an illegal, unreasonable eight year sentence without considering the suggested range in the Sentencing Guidelines. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm the revocation and vacate the sentence.
 
 I. Revocation of Supervised Release
 
 3
 Vela first contends that the district court abused its discretion by revoking his supervised release. We disagree. The district court's conclusion that Vela violated the terms of his release by violating state law and associating with individuals involved in criminal activity was supported by a preponderance of the evidence. See United States v. Soto-Olivas, 44 F.3d 788, 792 (9th Cir.), cert. denied, 115 S. Ct. 2289 (1995). The certified copy of the state court's judgment established that Vela had been convicted of three felonies. Although Vela was appealing the conviction, he testified that he drove two individuals to a parking lot, waited in the car while they broke into a car, and knew that they were going to do so.
 
 
 4
 In addition, Vela contends that he was denied the right to effective cross-examination because the Probation Officer did not have personal knowledge that Vela committed the offenses for which he was convicted. We reject this argument because other evidence -- the judgment and Vela's own admissions -- established the same fact. See United States v. Martin, 984 F.2d 308, 310 (9th Cir. 1993) (due process protects a supervised releasee's fair and meaningful opportunity to impeach the evidence against him in order to assure that the district court's findings are based on verified facts).
 
 II. Sentence
 
 5
 Vela argues that the district court imposed an illegal sentence, eight years, because the statute limits the sentence to three. The government concedes the error and we agree. We review de novo the legality of a sentence. United States v. Guzman-Bruno, 27 F.3d 420, 422-23 (9th Cir.) (imposing a sentence in excess of statutory maximum is plain error), cert. denied, 115 S. Ct. 451 (1994).
 
 
 6
 Vela's underlying offense, possession with intent to distribute less than 500 grams of cocaine in violation of 21 U.S.C. Sec. 841(b)(1)(C), is a Class B felony. 18 U.S.C. Sec. 3559(a)(1)(B). The statute prohibits a district court from imposing a sentence of more than three years upon revocation of supervised release from a Class B felony. 18 U.S.C. Sec. 3583(e)(4); see also United States v. Paskow, 11 F.3d 873, 876 (9th Cir. 1993) ("the only restriction on the court's discretion was a requirement that no sentence could exceed ... three years (if the underlying offense was a Class B felony)."). Therefore, the district court exceeded its legal authority by imposing an eight year sentence.[1]
 
 
 7
 AFFIRMED IN PART; SENTENCE VACATED AND REMANDED FOR RESENTENCING.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Vela alleges in passing that the original term of supervised release, ten years, exceeded the statutory maximum in effect at the relevant time, five years. 18 U.S.C. Sec. 3583(b)(1). Because Vela did not brief the issue, we do not address it. We note, however, Vela violated the conditions of his supervised release within two years of commencing his term; thus, the district court had jurisdiction to revoke Vela's supervised release. Cf. United States v. Levitt, 799 F.2d 505, 506-07 (9th Cir. 1986) (a district court has no jurisdiction to revoke a probationary sentence once it has expired)
 Because we vacate the sentence, we do not reach Vela's argument that the district court failed to consider the policy statements in the Sentencing Guidelines, which suggest a four to ten month sentence, or his argument that the sentence was unreasonable.