116 F.3d 1487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Charles Henry MOST, Defendant-Appellant.
 No. 96-10369.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 12, 1997.
June 27, 1997.
 
 Appeal from the United States District Court for the Eastern District of California; No. CR-93-05148-REC; Robert E. Coyle, Chief District Judge, Presiding
 Before: REINHARDT, T.G. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Most appeals the district court's revocation of probation on the ground that his probationary period had terminated, and the district court therefore had no jurisdiction to act. He argues that the probation office improperly "extended" his probation beyond the statutory maximum of five years without issuing a warrant during the five year period. However, Most's period of probation was not extended in the ordinary sense; rather, it was tolled while he was in custody for parole violations.
 
 
 3
 In United States v. Rodriguez, 682 F.2d 827 (9th Cir.1982), we endorsed the approach set forth in the Fourth Circuit's opinion
 
 
 4
 in United States v. Workman, 617 F.2d 48 (4th Cir.1980). Quoting the Fourth Circuit, we said that "[t]he 'unifying principle' that emerges from cases in which the five-year period has been the subject of calculation is that 'a probationer cannot obtain credit against the five-year period for any period of time during which he was not in fact under probationary supervision by virtue of his wrongful act.' " Rodriguez, 682 F.2d at 829 (quoting Workman, 817 F.2d at 50). As Workman explicitly stated, it is a well-established rule that the five year statutory period is tolled while a defendant is incarcerated for intervening offenses. Here, Most's probation was tolled for a total of 818 days. Because the district court acted within the period of probation as tolled, it had jurisdiction to revoke Most's probation.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3