**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joseph PERKINS, Jr., aka Joseph Dwayne Thompson, Defendant— Appellant.**

**No. 01–10406.**

**D.C. No. CR–86–00600–VRW.**

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2002.*

Decided April 1, 2002.

Before RYMER, KLEINFELD, and McKEOWN, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

MEMORANDUM[**]

Joseph Perkins appeals from the district court's order revoking his probation. We affirm.

Because the underlying offense in this case was committed prior to November 1, 1987, the Sentencing Guidelines do not apply. *See United States v. Molinaro*, 11 F.3d 853, 864 (9th Cir.1993). Under the relevant statute at the time, the district court was empowered to "revoke or modify any condition of probation, or [ ] change the period of probation" provided that "[t]he period of probation, together with any extension thereof, [did] not exceed five years." 18 U.S.C. § 3651 (repealed Nov. 1, 1987). A district court does not have authority to revoke a probationary sentence once it has expired. *United States v. Freeman*, 922 F.2d 1393, 1394–95 (9th Cir.1991). Perkins argues that the five-year period had run by May 12, 2000, the date upon which the district issued the arrest warrant based on probation violations.

Perkins' probation began on July 16, 1993 when he was released from federal prison on parole. Uninterrupted, his probation would have terminated in July 1998. The five-year period, however, is tolled for any time "during which [the probationer] was not in fact under probationary supervision by virtue" of a wrongful act committed by the probationer. *United States v. Rodriguez*, 682 F.2d 827, 829 (9th Cir. 1982) (quoting *United States v. Workman*, 617 F.2d 48, 50 (4th Cir.1980)). Perkins spent considerable time outside of probationary supervision by virtue of his own wrongdoing. For instance, beginning in April 1995, Perkins spent more than two and half years incarcerated for crimes he committed in Louisiana. His probation

was tolled during that time. This period alone was sufficiently long to ensure that May 12, 2000 fell within the five-year period specified in § 3651. Therefore, the district court had jurisdiction to revoke Perkins' probation.

Perkins also argues that the government's delay in conducting an earlier probation revocation hearing that occurred in 1999 deprived him of due process. Assuming that Perkins has not waived objection to the earlier probation revocation hearing, any delay was caused by Perkins' own criminal misconduct and does not warrant relief. *United States v. Wickham*, 618 F.2d 1307, 1310 (9th Cir.1979) (there is no due process violation unless the delay was "caused by government action that was not the result of the probationer's own criminal conduct.").

**AFFIRMED.**

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.