**UNITED STATES of America**

v.

**Charles HINCKLE.**

**Crim. A. No. 85–00084–01.**

United States District Court,
E.D. Pennsylvania.

April 16, 1991.

Michael Holston, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Philip Restrepo, Federal Defender's Ass'n, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

KATZ, District Judge.

On March 26, 1985, Charles R. Hinckle pleaded guilty to two counts of making false statements to a bank, in violation of 18 U.S.C. § 1014. Mr. Hinckle was sentenced on June 3, 1985. On Count One, the court committed Mr. Hinckle to a work release program for a term of ninety days and ordered him to pay a $5,000 fine. On Count Two, the court placed Mr. Hinckle on probation for a period of five years, on the special conditions that he make complete restitution to Bank Leumi and pay the fine imposed on Count One during the probationary period on such terms as the probation office determines. On June 13, 1985, the court modified the sentence on Count One to allow Mr. Hinckle to serve his ninety day work release sentence over forty-five consecutive weekends. On January 24, 1986, the court ordered that Mr. Hinckle's work release sentence would terminate on March 30, 1986.

In response to a petition filed by the probation office, on March 26, 1991 the court ordered that Mr. Hinckle appear at a probation revocation hearing. The court held the hearing on April 16, 1991. Following the hearing and upon consideration of all the evidence, I find that this court has no authority to revoke Mr. Hinckle's probation because his probationary term expired on June 2, 1990.

The statute in effect at the time Mr. Hinckle committed the instant offense, the Federal Probation Act,[1] provided that a court, "when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best." 18 U.S.C. § 3651 (1982). In addition, the "court may revoke or modify any condition of probation, or may change the period of probation," but the "period of probation, together with any extension thereof, shall not exceed five years." *Id.* Section 3653 provided that "[a]t any time *within the probation period,* the probation officer may for cause arrest the probation-

---

1. The Comprehensive Crime Control Act of 1984 repealed the Federal Probation Act and replaced it with new statutory provisions governing probation, but the repeal and new statutes apply only to offenses committed after November 1, 1987. *See* 18 U.S.C. §§ 3651–3656 (1988) (note on repeal and effective dates).

er wherever found, without a warrant." 18 U.S.C. § 3653 (1982) (emphasis added). After a hearing, "the court may revoke the probation and require [the probationer] to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." *Id.*

■ As suggested by the provision emphasized above, once the probation period has expired the court has no authority to revoke the defendant's probation.[2] This interpretation was made explicit in the new statute, which provides that "[a] sentence of probation remains conditional and subject to revocation until its expiration or termination." 18 U.S.C. § 3564(e) (1988).

■ In order to determine whether Mr. Hinckle's term of probation had expired prior to the initiation of these proceedings, it is necessary to determine when his five-year probationary period commenced. The current statute provides that a "term of probation commences on the day that the sentence of probation is imposed, unless otherwise ordered by the court." 18 U.S.C. § 3564(a) (1988). The statute governing Mr. Hinckle's probation, however, does not state when the probationary period commences. *See* 18 U.S.C. §§ 3651–3653 (1982). The Ninth Circuit recently stated that the current provision "codifies longstanding federal case law" and thus the presumption that a term of probation commences on the date of sentencing absent the court's expression of a contrary intent has been applied to offenses committed prior to the effective date of the new statute. *United States v. Freeman,* 922 F.2d 1393, 1395 (9th Cir.1991). In addition, courts

have held that "[w]here a sentencing order is silent on when the probationary term commences, there is a strong presumption that the term starts on the date sentence is imposed and runs concurrently with any period of imprisonment imposed on any remaining count or counts." *United States v. Adair,* 681 F.2d 1150, 1151 (9th Cir. 1982); *cf. United States v. Levitt,* 799 F.2d 505, 507 (9th Cir.1986) ("it has long been noted that it is possible for probation to run concurrently with a prison sentence") (citing *Burns v. United States,* 287 U.S. 216, 223, 53 S.Ct. 154, 156–57, 77 L.Ed. 266 (1932)).

In the instant case, both the court's original Judgment and Probation/Commitment Order (dated June 3, 1985) and the order modifying the sentence (dated June 13, 1985) are silent as to when the probationary period was to commence. By reference to the current provision at 18 U.S.C. § 3564(a) and the case law cited above, the court finds that the term of probation commenced on June 3, 1985, the day that the sentence of probation was imposed.[3]

Even if the current provision at 18 U.S.C. § 3564(b) were applicable to this case, it does not mandate a different result. That section provides that "[a] term of probation does not run while the defendant is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than *thirty consecutive days.*" 18 U.S.C. § 3564(b) (1988) (emphasis added). Pursuant to the court's modification of his sentence on Count One, Mr. Hinckle served his work release sentence on consecutive weekends. Because Mr. Hinckle did not serve a term of imprisonment for at least thirty

---

**2.** Section 3653 also provided that "[a]t any time within the probation period, *or within the maximum probation period permitted by section 3651 of this title,*" the court may issue a warrant for the probationer's arrest for violation of probation occurring during the probation period. 18 U.S.C. § 3653 (1982). This provision does not affect the analysis in the instant case, because Mr. Hinckle was sentenced to five years probation, the maximum period permitted by the statute.

**3.** In its original Judgment and Probation/Commitment Order, the court stayed the sentence

"for a period of 14 days for defendant to arrange his affairs." The modification order of June 13, 1985 states that "[s]entence is stayed until June 24, 1985 or until the availability of room in the Volunteers of America program [the designated work release program] whichever is latest." Even if this were construed to mean that the probationary term also did not commence until this later date, the five year probationary term still would have expired prior to the court's March 26, 1991 order to appear at the revocation hearing.

consecutive days, the tolling provision in § 3564 would not have been triggered even if applicable.

Because Mr. Hinckle's term of probation commenced on June 3, 1985, the five year term expired on June 2, 1990. This court thus lacks authority to revoke Mr. Hinckle's probation. The Government's Petition is hereby denied.