CLD-399                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2676
_____

UNITED STATES OF AMERICA

v.

STEVEN SCHWARTZ,
                                            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-88-cr-00215-001)
District Judge: Jeffrey L. Schmehl

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 1, 2016

Before: FISHER, JORDAN, and VANASKIE <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 15, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Steven Schwartz appeals from an order of the District Court denying his motion to expunge certain judicial records. For the reasons that follow, we will summarily affirm.

Schwartz was convicted in 1989 of two counts of bank fraud, in violation of 18 U.S.C. § 1344(a), following a trial before a jury in the United States District Court for the Eastern District of Pennsylvania. He was fined on one count by U.S. District Judge Marvin Katz and placed on probation for five years on the condition that he pay the fine and make restitution to the bank. Judge Katz sentenced him on the other count to a term of imprisonment of 18 months. We affirmed the criminal judgment, see United States v. Schwartz, 899 F.2d 243 (3d Cir. 1990), and the U.S. Supreme Court denied certiorari. Schwartz served the 18-month term of imprisonment. After he was released from prison, Judge Katz found him guilty of violating his probation, revoked it, and remanded him to the custody of the Attorney General to serve a revocation term of six months, see United States v. Schwartz, 851 F. Supp. 692, 695 (E.D. Pa. 1994). We affirmed, see C.A. Nos. 94-1666 & 94-1769, and the U.S. Supreme Court denied certiorari.

At issue in this appeal, on October 30, 1995, Judge Katz again revoked Schwartz's probation; Schwartz was remanded to the custody of the Attorney General to serve another year of imprisonment, see United States v. Schwartz, 903 F. Supp. 852, 857-58 (E.D. Pa. 1995). Schwartz appealed and we reversed on January 31, 1996, see C.A. 95-1941, directing his immediate release because the time for probation had expired. See generally United States v. Schwartz, 379 F. Supp.2d 716, 718 n.4 (E.D. Pa. 2005). In the meantime, Schwartz was convicted of new fraud charges, see D.C. Crim. No. 03-cr-00035-1, and sentenced to a term of imprisonment of 225 months. We affirmed this

criminal judgment, see United States v. Schwartz, 315 F. App'x 412 (3d Cir. 2009), and Schwartz remains incarcerated pursuant to this sentence.

In March 2015, Schwartz filed a motion in his original criminal case for the expungement of all records pertaining to Judge Katz's October 1995 probation revocation decision, alleging that Judge Katz had proceeded without jurisdiction – because his probation had expired – and thus that his findings of fact and conclusions of law, which are set forth in Schwartz, 903 F. Supp. at 857-58, are a legal nullity. Schwartz asserted that he was seeking a commutation from President Barack Obama and that his Presentence Investigation Report contained information pertaining to the improper second revocation, which would prejudice his application.

In an order entered on May 9, 2016, the District Court denied the motion to expunge. The Court applied the balancing test set forth in Paton v. La Prade, 524 F.2d 862, 868 (3d Cir. 1975), and concluded that there was nothing extraordinary about Schwartz's case and that he had not made the necessary showing for expungement of the results of his second revocation hearing.

Schwartz appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk advised the parties that we might take summary action in this appeal under Third Cir. LAR 27.4 and I.O.P. 10.6 and invited each party to submit argument in writing. Neither party has responded.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. District Courts have jurisdiction over petitions for expungement "in narrow circumstances: where

3

the validity of the underlying criminal proceeding is challenged." United States v. Rowlands, 451 F.3d 173, 177 (3d Cir. 2006). See also United States v. Noonan, 906 F.2d 952, 956 (3d Cir. 1990). Determining whether to direct expungement involves a balancing of these two interests: the harm caused to an individual by the existence of any records and "the utility to the Government of their maintenance." Paton, 524 F.2d at 869 (citations omitted). "Factors to be weighed in balancing are the accuracy and adverse nature of the information, the availability and scope of dissemination of the records[;] the legality of the methods by which the information was compiled[;] the existence of statutes authorizing the compilation and maintenance, and prohibiting the destruction, of the records[;] and the value of the records to the Government." Id. (footnote omitted). Expunction of criminal court records is an extraordinary remedy, and is not automatically granted for convictions overturned on constitutional or other grounds. See Noonan, 906 F.2d at 956-57.

As noted by the District Court, the essential nature of the information Schwartz seeks to expunge is accurate: his probation was revoked for a second time, he appealed, and we reversed and ordered his immediate release. Moreover, the value of criminal court records to the Government cannot be disputed. Schwartz has cited no statute requiring expunction of records under the circumstances presented here. He has not been pardoned, his sentence has not been commuted, and any suggestion that either of these things will happen is speculative. Accordingly, the District Court properly denied his motion for expungement on the basis that few if any factors weigh in favor of expungement.

4

For the foregoing reasons, we will summarily affirm the order of the District Court denying Schwartz's motion to expunge certain judicial records.